```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GANG LI, et al.,

                    Plaintiffs,                                         MEMORANDUM
                                                                        AND ORDER
        -against-                                                       16 CV 1953 (AMD) (RML)

THE DOLAR SHOP RESTAURANT
GROUP, LLC, et al.,

                    Defendants.
----------------------------------------------------------X
CHEN LIN, et al.,

                    Plaintiffs,
                                                                        16 CV 2474 (AMD) (RML)
        -against-

THE DOLAR SHOP RESTAURANT
GROUP, LLC, doing business as
Dolar Shop, et al,

                    Defendants.
----------------------------------------------------------X
```

LEVY, United States Magistrate Judge:

Plaintiffs in these related wage-and-hour cases ("plaintiffs") move for leave to serve newly added defendants in China (the "China defendants") via alternative means, under Federal Rule of Civil Procedure 4(f). Specifically, plaintiffs seek to serve the China defendants by email at the addresses liangbodolarshop@126.com and dolarshop_cw@163.com. (See Supplemental Letter of John Troy, dated July 3, 2019 ("Troy Ltr."), Dkt. No. 55 in 16 CV 2474.) For the reasons explained below, the motion is denied.

Federal Rule of Civil Procedure 4(h) provides that a foreign entity defendant can be served at a place not within any judicial district of the United States "in any manner

prescribed by Rule 4(f) for serving an individual" except personal service.  Fed. R. Civ. P. 4(h)(2).  According to Rule 4(f), an individual may be served:

> (1) By any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . .
> (2) If there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in an action in its courts of general jurisdiction;
> (B) as the foreign country directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
>    (i) [Omitted]
>    (ii) using any form of mail that the clerk addresses and sends to the individual that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. (4)(f).

Here, plaintiff seeks leave to serve the China defendants by email under Rule 4(f)(3).  (See Letter of John Troy, dated May 16, 2019, Dkt. No. 54 in 16 CV 2474, at 1.)  Service under subsection 4(f)(3) is not a "last resort" or "extraordinary relief" but just one means among several to enable service of process on international defendants.  Elsevier, Inc. v. Siew Yee Chew, 287 F. Supp. 3d 374, 377 (S.D.N.Y. 2018); Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 330 (S.D.N.Y. 2015).  The decision to allow service of process by alternative means is at the discretion of the district court so long as "the defendant is afforded proper notice, and an opportunity to defend the action."  Microsoft Corp. v. John Does, No. 12 CV 1335, 2012 WL 5497946, at *3 (E.D.N.Y. Nov. 13, 2012) (citing Arista Records LLC v. Media Servs. LLC, No. 06 CV 15319, 2008 WL 563470, at *1 n.3 (S.D.N.Y. Feb. 25, 2008)); see also Sulzer Mixpac, 312 F.R.D. at 330; F.T.C. v. PCCare247 Inc., No. 12 CV 7189, 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013).

The United States and The People's Republic of China are both signatories to the Hague Convention. See Status Table, Members of the Organization, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=29 (last visited Aug. 8, 2019). The People's Republic of China objects to service by the methods provided for in Article 10, which include service of process by mail. See Sulzer Mixpac, 312 F.R.D. at 331.[1]

Some courts have found that service by email is not appropriate where defendants are in a country that objects to service through postal channels under Article 10. See Agha v. Jacobs, No. 07 CV 1800, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008). However, other courts distinguish service by email from service by postal mail since "postal service" is expressly provided for in Article 10 while "email" is not. See Sulzer Mixpac, 312 F.R.D. at 331-32 ("China's objection to service by postal mail does not cover service by email, and these forms of communication differ in relevant respects."); AMTO, LLC v. Bedford Asset Mgmt., LLC, No. 14 CV 9913, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) ("Because Russia has not explicitly objected to service by electronic means, and the Court is not aware of any other international agreement or Russian law that prohibits service via email, the Court concludes that, as a general matter, service via email for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3).") (citations omitted); F.T.C. v. Pecon Software Ltd., Nos. 12 CV 7186, 12 CV 7188, 12 CV 7191, 12 CV 7192, 12 CV 7195, 2013 WL 4016272, at *4 (S.D.N.Y. Aug. 7, 2013) (finding that where a nation objects only to the means of service listed in Article 10, a court acting under Rule 4(f)(3) is free to order alternative means

---

[1] See also Declarations Notifications, Hague Conference on Private Int'l Law, http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn (last accessed Aug. 8, 2019).

that are "not specifically referenced in Article 10.") (internal marks and citations omitted). I agree with the reasoning of the courts that have found email service not prohibited in this context.

Nonetheless, due process is not satisfied in this case by serving the China defendants via the proposed email addresses. To satisfy due process, the means of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 314 (1950). Service by email is considered appropriate where the plaintiff can show that the person to be served is likely to receive the summons and complaint at the email address provided. <u>Sulzer Mixpac</u>, 312 F.R.D. at 331 (citing <u>Philip Morris USA Inc. v. Veles Ltd.</u>, 06 CV 2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007)). Courts have approved service by email in cases where the defendant runs an online business, the email address is displayed prominently on the defendant's website, the email address is used regularly for communication, and/or where it has been verified that the defendant has already responded to emails at the given address. <u>See, e.g.</u>, <u>Banerjee v. Sadis & Goldberg, LLP</u>, 715 F. App'x 99, 101 (2d Cir. Mar. 22, 2018) (summary order) (finding no further inquiry was needed into service of process by email where "the record sufficiently demonstrates" the defendant "received notice of the underlying action" despite efforts to avoid it); <u>Elsevier, Inc.</u>, 287 F. Supp. 3d at 379 (finding service through email appropriate where defendants regularly communicated with customers through an email address associated with their e-Bay and PayPal accounts and plaintiffs offered to use an email tracking service to "allow maximum information regarding the effectiveness of service"); <u>Sulzer Mixpac</u>, 312 F.R.D. at 332 (finding service through email appropriate where the email address in question was "listed prominently" on the defendant's internet homepage);

4

Philip Morris USA Inc., 2007 WL 725412, at *3 (authorizing service of process by email where defendants conducted business almost exclusively via the internet and corresponded regularly through email).

Here, the China defendants do not run an online business and the proposed email addresses are not displayed prominently on the company website.[2]  Plaintiffs have provided no evidence that the email addresses are used regularly—or at all—and there is nothing in the record to indicate that the China defendants have ever responded to emails at those addresses.

The only evidence to suggest that the email addresses may be active is in the Joint Venture Agreement ("the Agreement") between the China defendants and the U.S. defendants, but it is nearly five years old.  (See Joint Venture Agreement, dated Oct. 2014, annexed as Ex. 1 to Troy Ltr, Dkt. No. 55-1, at 8.)  While liangbodolarshop@126.com is listed as the email address of defendant Qin Bo Liang, plaintiffs have not submitted any proof that Qin Bo Liang is still using that address or that the other China defendants have access to that email address.  (Id. at 6.)  As for the entity defendant, Shanghai Shenzhuang The Dolar Shop Catering Management Co., Ltd. (the "entity defendant"), while the Agreement lists Qin Bo Liang as the contact person and the email address liangbodolarshop@126.com is provided, plaintiffs have not demonstrated that the email address is in use by the entity defendant or that Qin Bo Liang is still the contact person.  (Id. at 6.)

The only indication that regular communication was supposed to take place by email—though there is no evidence that it did—is in the schedule for making financial reports to the financial department at the email address dolarshop_cw@163.com.  (Id. at 5.)  However, no

---

[2] The only email address listed on The Dolar Shop website (http://www.dolarshop.com/en/Global.htm) is dolarshop_center@126.com.

defendant is listed as a financial officer or employee of the financial department, leaving questions as to whether any of them currently have or ever had access to that email address. (See Amended Complaint in 16 CV 2474, Dkt. No. 50, ¶¶ 20, 36, 39, 42, 45.)

Without proof that the China defendants would receive a summons and complaint at the proposed email addresses, due process is not satisfied. Accordingly, the motion for alternative service is denied. If they wish to proceed with their claims against the China defendants, plaintiffs should begin the process of serving the China defendants through the Hague Convention.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
September 13, 2019