UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
GANG LI, JIA ZHEN JING, JIN WANG,
DONG BIN LI, MEI FANG YAO, SHAN
ZHI SUN, and HAI HONG HAN,

                         Plaintiffs,

          -against-

THE DOLAR SHOP RESTAURANT
GROUP, LLC, KEN CHEUNG, SUZIE
CHEUNG, and JOHN and JANE DOE 1
THROUGH 10,

                    Defendants.
----------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
16-CV-1953 (RPK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiffs Gang Li, Jia Zhen Jing, Jin Wang, Don Bin Li, Mei Fang Yao, Shan Zhi

Sun, and Hai Hong Han initiated this action on April 20, 2016, alleging, *inter alia*,

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New

York Labor Law ("NYLL"), Art. 6 § 191 *et seq.*, by Defendants The Dolar Shop

Restaurant Group, LLC, Ken Cheung, and Suzie Cheung. (*See* Complaint ("Compl."),

ECF No. 1.) Currently before the Court is Plaintiffs' motion for leave to file an amended

complaint, which the Honorable Rachel P. Kovner referred to the undersigned

magistrate judge. (*See* Pre-Mot. Conf. Letter, ECF No. 53; Feb. 17, 2022 ECF Referral

Order; *see also* Mot. for Leave to Amend, ECF No. 84; Mem. in Supp. of Mot. for Leave

to Amend ("Supp. Mem."), ECF No. 85.) For the reasons set forth below, the Court

respectfully recommends denying leave to amend.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Factual Background

As alleged in the complaint, Defendant The Dolar Shop Restaurant Group, LLC ("Dolar Shop") is a limited liability company that owns a Chinese restaurant in Queens, New York. (*See* Compl., ECF No. 1, ¶¶ 15–16.) Defendants Ken and Suzie Cheung are alleged owners of Dolar Shop, along with the other Doe Defendants identified in the Complaint. (*See id.* ¶¶ 16–21.) Plaintiffs allege that Defendants employed them as kitchen workers, servers, and dish washers during various periods between October 15, 2015 and the time of filing. (*See id.* ¶¶ 28–56.) Plaintiffs generally allege that Defendants underpaid them for hours worked and "subjected [them] to a racially discriminating work environment." (*Id.* ¶ 57; *see also id.* ¶¶ 57–58.)

### II. Procedural History

#### A. Complaint and Initial Proceedings

As stated above, Plaintiffs filed this action on April 20, 2016, styled as a collective action under 29 U.S.C. § 216(b) and a Rule 23 class action. (*See generally id.*) Accordingly, Plaintiffs sought to bring "this action individually and on behalf of all other and former non-exempt employees who have been or were employed by" Defendants, for the period of "up to . . . two (2) years" prior to suit "through entry of judgment," and who were similarly underpaid for hours worked. (*Id.* ¶¶ 71; *see id.* ¶¶ 71–86.) Plaintiffs allege claims for unpaid minimum wage and overtime pay under both the FLSA and NYLL, for unpaid spread-of-hours pay under the NYLL, for wage notice and statement violations under the New York Wage Theft Prevention Act ("WTPA"), *see* NYLL §§ 195-1 and 195-3, and for race discrimination under both the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law

("NYCHRL"), N.Y.C. Admin. Code § 8-107. (*See id.* ¶¶ 87–129.) This action is hereinafter referred to as *Dolar Shop I.*

Defendants filed their answer in *Dolar Shop I* on June 15, 2016. (Answer, ECF No. 8.) The parties then appeared for a conference before the Honorable Robert M. Levy on June 28, 2016, during which Judge Levy set several case deadlines, further directing the parties to file a status report regarding whether Defendants would oppose provisional certification.[1] (*See* June 28, 2016 ECF Minute Entry and Order.) The minute entry for this conference does not indicate whether a deadline was set for amended pleadings. (*See id.*)

Meanwhile, a second action, *Lin et al. v. The Dolar Shop Restaurant Group, LLC et al.*, No. 16-CV-2474, hereinafter referred to as *Dolar Shop II*, had been filed by a different set of plaintiffs on May 16, 2016. (*See* 16-CV-2474, Compl., ECF No. 1.[2]) At the time, the plaintiffs in *Dolar Shop I* and *II* were separately represented; Plaintiffs in *Dolar Shop I* were represented by Hang and Associates PLLC, and the plaintiffs in *Dolar Shop II* were represented by Troy Law, PLLC. (*Compare* Compl., ECF No. 1, *with* 16-CV-2474, Compl., ECF No. 1.) *Dolar Shop II* was similarly brought against Dolar Shop and several individual defendants, and was likewise styled as both a collective and class action. (*See* 16-CV-2474, Compl., ECF No. 1.)

---

[1] Provisional (or conditional) certification of a collective action under § 216(b) "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (citations omitted).

[2] Unless otherwise indicated, as here, all citations to the record pertain to *Dolar Shop I*. Additionally, the Court notes that many of the ECF entries and filings in the two cases are identical. Where identical, the Court cites only the record in this case, even when referring to both cases.

*Dolar Shop II* was reassigned to Judge Levy (and the Honorable Ann. M. Donnelly as the presiding district judge) on August 1, 2016, and the parties in both cases appeared before Judge Levy on September 28, 2016. (16-CV-2474, Aug. 1, 2016 ECF Reassignment Order; Sept. 28, 2016 ECF Minute Entry and Order.) After the hearing, the parties were directed to file a joint status report addressing: "(1) whether [the two] cases . . . should be consolidated for all purposes, or remain consolidated for discovery only; (2) whether plaintiffs, at this time, intend to move . . . for provisional certification of a collective action or for class certification; [and] (3) whether . . . defendants consent to provisional certification." (Sept. 28, 2016 ECF Status Report Order; *see* Sept. 28, 2016 ECF Minute Entry and Order.) The parties were also directed to provide "a proposed schedule for the completion of discovery in both [cases]." (Sept. 28, 2016 ECF Minute Entry and Order.)

The parties filed a joint status report on October 19, 2016, indicating that Defendants consented to provisional certification in both *Dolar Shop I* and *II*. (*See* Joint Status Report, ECF No. 9; 16-CV-2474, Joint Status Report, ECF No. 27.) The parties further indicated that "Plaintiffs from both matters intend[] to consolidate the matters for collective action purpose only" and that, "[i]n the interest of efficiency, . . . the parties intend to coordinate the discovery schedule for both matters." (Joint Status Report, ECF No. 9 (emphasis omitted).) Judge Levy adopted the parties' proposed discovery schedule in both cases on October 29, 2016, and, at a status conference on December 12, 2016, ordered that the two cases be "consolidated for discovery." (Dec. 12, 2016 ECF Minute Entry and Order; *see* Oct. 29, 2016 ECF Order.)

After over a year of discovery, John Troy of Troy Law entered a notice of appearance on January 31, 2018, in *Dolar Shop I*. (*See* Notice of Appearance, ECF No. 23; *see also* Notices of Appearance, ECF Nos. 24, 25; Mot. for Substitution of Counsel, ECF

No. 26.) A dispute ensued between Troy Law and Hang and Associates regarding the representation of Plaintiffs in *Dolar Shop I*. (*See* Resp. to Mot. for Substitution of Counsel, ECF No. 27; Mot. for Sanctions, ECF No. 29.) Following an evidentiary hearing on April 26, 2018, Judge Levy concluded that all Plaintiffs in *Dolar Shop I* but Gang Li and Jin Wang "wish[ed] to be represented by the Troy Law firm." (Apr. 26, 2018 ECF Minute Entry and Order.) Accordingly, from that point forward, Plaintiffs Gang Li and Jin Wang continued to be represented by Hang and Associates, and the remaining Plaintiffs were represented by Troy Law.

### B. Initial Motion to Amend

Following a failed attempt at mediation, the parties appeared for another status conference on October 22, 2018. (*See* 16-CV-2474, Post-Mediation Status Report, ECF No. 45; Oct. 22, 2018 ECF Minute Entry and Order.) Judge Levy's minute entry, which is identical in both *Dolar Shop I* and *II*, states: "Mr. Troy seeks to amend the complaint to add a Chinese corporation that he believes is a joint employer. Mr. Troy and Mr. Segal shall advise by [November 7, 2018] whether defendants will oppose the motion." (Oct. 22, 2018 ECF Minute Entry and Order.) The minute entry further provides: "By [November 7, 2018], Mr. Segal" — defense counsel in both matters — "shall provide (a) an English copy of the operating agreement discussed at this conference; and (b) an English copy of the 'licensing agreement' Mr. Troy discussed at this conference, if it exists and is within his clients' possession[,] custody[,] or control." (*Id.*)

No filing was made by November 7, 2018, and Mr. Troy later filed letter motions in both cases on December 7, 2018, each titled: "Status Report & Motion to Compel & Request to File Amended Complaint." (Status Report, ECF No. 40; 16-CV-2474, Status Report ECF No. 46.) The content of the letter motions is identical; the only distinction is the case number listed below the subject line, which corresponds to the case in which

5

the letter was filed.[3] (*Compare* Status Report, ECF No. 40, *with* 16-CV-2474, Status Report, ECF No. 46.) Each letter was addressed to Judge Levy and states as follows:

> We write respectfully, and pursuant to Your Honor's order of October 22, 2018, to report that 1) Defendants have refused to provide complete Chinese and English copies of the operating and licensing agreement discussed at the conference on October 22, 2018 and 2) Defendants have not consented to the filing of a complaint naming the Chinese corporation joint employer. We therefore request 1) that the Court compel the production of the complete Chinese and English copies of the operating and licensing agreement and 2) that the Court grant leave to amend the complaint.

(Status Report, ECF No. 40, at 1.)

Each letter also had three attachments — all identical. (*Compare* Exs. 1–3, ECF Nos. 40-1, 40-2, 40-3, *with* 16-CV-2474, Exs. 1–3, ECF Nos. 46-1, 46-2, 46-3.) The third attachment is a proposed amended complaint captioned exclusively, however, for *Dolar Shop II*, including the case number and named plaintiffs. (*Compare* Proposed Amended Compl., ECF No. 40-3, *with* 16-CV-2474, Proposed Amended Compl., ECF No. 46-3.) Consistent with the request made in the letter motion, the proposed amended complaint set forth additional defendants not named in the initial *Dolar Shop II* complaint: The Dolar Shop Manhattan LLC ("Dolar Shop Manhattan"), Shanghai Shenzhuang the Dolar Shop Catering Management Co., Ltd. ("Shanghai Shenzhuang"), Ge Li, Qin Bo Liang, Zhong Bao Yuan, Qin Chun Gao, Ying Nan Qi, Xin Feng Wang, and Xiang Chao Liu. (*See* Proposed Amended Compl., ECF No. 40-3, ¶¶ 20–35, 42–67.) Notably, the proposed amended complaint sets forth substantially identical causes of action to those raised in the initial *Dolar Shop II* complaint, namely, minimum wage and

---

[3] The Court notes that, as entered on ECF, the December 7, 2018 letter filed in this case was purportedly filed on behalf of all *Dolar Shop I* Plaintiffs, which ostensibly included Gang Li and Jin Wang (who were still represented by Hang & Associates). (*See* Status Report, ECF No. 40.) The content of Mr. Troy's letter does not indicate either way whether it was filed on behalf of these separately-represented Plaintiffs. (*See id.*)

overtime claims under the FLSA and NYLL, and other state and federal claims. (*Compare* Proposed Amended Compl., ECF No. 40-3, *with* 16-CV-2474, Compl., ECF No. 1.) Notably absent, however, from the proposed amended complaint are the causes of action that were unique to the initial *Dolar Shop I* complaint, including Plaintiffs' race discrimination claims under the NYSHRL and NYCHRL. (*Compare* Proposed Amended Compl., ECF No. 40-3, ¶¶ 153–204, *with* Compl., ECF No. 1, ¶¶ 120–29.)

Defendants filed a response to the letter motion on December 11, 2018, but only in *Dolar Shop I*. (*See* Reply in Opp'n, ECF No. 41.) As to Plaintiffs' request to compel, Defendants argued that they had already produced the documents at issue. (*See id.*) As to the request for leave to amend, Defendants argued that the request was untimely, asserting that "[d]iscovery ha[d] been completed for over a year and a half," and that the Defendants would "be prejudiced in their defense if leave to amend [were] granted." (*Id.*) On January 5, 2019, Judge Levy entered an order to show cause in *Dolar Shop II*, noting that the defendants had failed to respond to the Court's October 22, 2018 Order directing the defendants to "advise whether they opposed amendment of the complaint," noting also that the defendants had not "responded to, much less oppose[d]" the plaintiff's letter motion. (16-CV-2474, Jan. 5, 2019 ECF Order to Show Cause.) The defendants promptly filed a letter in *Dolar Shop II*, directing the Court to Defendants' response previously filed on December 11, 2018 in *Dolar Shop I* and stating that counsel had "erroneously filed" the response in the wrong case. (16-CV-2474, Defs.' Letter, ECF No. 47.)

The parties subsequently appeared for a conference on February 4, 2019. (*See* Feb. 4, 2019 ECF Minute Entry and Order.) The minute entry, which is substantially identical in both cases, provides as follows:

> Argument heard on motion to amend complaint. Defendants oppose the amendment primarily on undue delay grounds. However, for the reasons explained on the record and in the cases cited by the court, defendants' argument is unpersuasive, and defendants have not shown prejudice if the amendment were granted. Plaintiffs' counsel has certified that the amendment would require no additional discovery. However, plaintiffs have not demonstrated that the claims against the additional defendants are timely and not time barred.

(*Id.*; *see also* 16-CV-2474, Feb. 4, 2019 ECF Minute Entry and Order.) In light of Judge Levy's concerns regarding the timeliness of proposed claims against the additional defendants, the parties were directed to file supplemental briefing on the issue. (*See* Feb. 4, 2019 ECF Minute Entry and Order.) The plaintiffs submitted their supplemental brief on March 4, 2019, exclusively in *Dolar Shop II*. (*See* 16-CV-2474, Supplemental Mot. to Amend, ECF No. 48.) The next day, Judge Donnelly formally referred the plaintiffs' letter motion in *Dolar Shop II* to Judge Levy; no referral was made with respect to the letter motion filed in *Dolar Shop I*. (*See* 16-CV-2474, Mar. 5, 2019 ECF Referral Order.) The defendants then filed their supplemental brief on March 25, 2019, again, only in *Dolar Shop II* and not in *Dolar Shop I*. (*See* 16-CV-2474, Supplemental Opp'n to Mot. To Amend, ECF No. 49.)

A follow-up conference was held on April 11, 2019, during which Judge Levy issued an oral ruling on what he consistently referred to as a singular motion to amend. (*See* Tr. of Apr. 11, 2019 Hearing, ECF No. 43, at 2:15, 3:4, 7:20, 10:15, 13:2.) The majority of Judge Levy's analysis went to whether the proposed amendment adequately alleged that the additional defendants were joint employers under the FLSA and NYLL, an issue the defendants had contested in their supplemental brief. (*See id.* at 5:6–11:13; *see also* 16-CV-2474, Supplemental Opp'n to Mot. to Amend, ECF No. 49, at 1–3.) Judge Levy also evaluated whether the claims brought against the additional defendants were time-barred, concluding that, although the FLSA claims were brought outside the

statute of limitations, the allegations in the proposed amendment related back to the initial complaint under Rule 15(c)(1).[4] (*See* Tr. of Apr. 11, 2019 Hearing, ECF No. 43, at 11:14–12:25 (citing Fed. R. Civ. P. 15(c)(1)).)

Accordingly, "given the liberal standard under Rule 15," Judge Levy held that "the motion to amend should be granted with respect to the parties that the plaintiffs now wish to add." (*Id.* at 13:1–7; *see also* Apr. 11, 2019 ECF Minute Entry and Order.) Judge Levy's minute entry for the April 11, 2019 conference, substantially identical in both cases, states as follows: "(1) Plaintiffs withdraw the motion to amend to add The Dolar Shop Manhattan LLC . . . . (2) For the reasons explained in detail on the record in an opinion delivered orally the motion to amend is granted as to the other proposed defendants. I further find that the FLSA claims as to the proposed defendants relate back and are not time barred." (Apr. 11, 2019 ECF Minute Entry and Order.) An amended complaint matching the proposed amended complaint (but excluding the allegations as to The Dolar Shop Manhattan) was filed that same day. (*See* 16-CV-2474, Amended Compl., ECF No. 50.) No amended complaint was filed in this case.

## C. Subsequent Activity in *Dolar Shop II*

About a month later, on May 16, 2019, the plaintiffs in *Dolar Shop II* filed a letter motion for alternative service as to some of the new defendants. (*See* 16-CV-2474, May 16, 2019 Letter, ECF No. 54.) In short, the plaintiffs requested leave to serve these defendants via email, given that they were located in China and because service under the Hague Convention could take months. (*See id.*) On July 3, 2019, the plaintiffs filed a

---

[4] The Court notes that Judge Levy at least once referred to the filing dates of both actions as the operative date in his statute of limitations analysis. (*See* Tr. of Apr. 11, 2019 Hearing, ECF No. 43, at 11:16–17.)

letter supplementing their motion for alternative service. (*See* 16-CV-2474, July 3, 2019 Letter, ECF No. 55.) Both filings were made exclusively in *Dolar Shop II*.

By memorandum and order issued on September 13, 2019, Judge Levy denied the *Dolar Shop II* plaintiffs' motion for alternative service. (*See* Mem. and Order, ECF No. 42.) Although no motion for alternative service had been filed in *Dolar Shop I*, the memorandum and order bears the caption for both matters and was entered on both dockets. (*See id.*; *see also* 16-CV-2474, Mem. and Order, ECF No. 59.) In October 2019, the plaintiffs in *Dolar Shop II* subsequently filed affidavits of service in that case, indicating that service had been effected as to at least some of the newly-added defendants. (*See* 16-CV-2474, Affs. of Service, ECF Nos. 60–64.)

After these defendants failed to timely answer the complaint, Judge Levy entered an order in *Dolar Shop II*, directing the plaintiffs to request a certificate of default by December 4, 2019. (*See* 16-CV-2474, Nov. 25, 2019 ECF Order.) The plaintiffs instead filed a letter requesting an extension of that deadline, indicating that Troy Law had been in contact with prospective counsel for the new defendants. (*See* 16-CV-2474, Dec. 4, 2019 Letter, ECF No. 65.) Judge Levy granted the request, and, on January 4, 2020, the plaintiffs requested another extension, which was likewise granted. (*See* 16-CV-2474, Dec. 12, 2019 ECF Order; 16-CV-2474, Jan. 4, 2020 Letter, ECF No. 70; 16-CV-2474, Jan. 7, 2020 ECF Order.) Once again, each of the plaintiffs' letters was filed exclusively in *Dolar Shop II*.

Counsel for the new defendants eventually appeared and, on February 14, 2020, filed a pre-motion conference request, arguing that service had been inadequate and that dismissal was proper. (16-CV-2474, Pre-Mot. Conf. Letter, ECF No. 77.) Both matters were reassigned to Judge Kovner on February 21, 2020, who held the requested

pre-motion conference in *Dolar Shop II* on March 30, 2020. (*See* Feb. 21, 2020 ECF Reassignment Order; 16-CV-2474, Mar. 30, 2020 ECF Minute Entry and Order.)

During the conference, Judge Kovner noted the relatedness of the two cases and asked whether the service of process issue raised by the new defendants was confined to *Dolar Shop II*. (Tr. of Mar. 30, 2020 Hearing, ECF No. 87-2, at 5:11–6:10.) Mr. Troy, appearing on the plaintiffs' behalf, confirmed that it was. (*See id.* at 6:11.) Mr. Troy also stated, however, that he believed the amended complaint filed in *Dolar Shop II* "applie[d] to the two cases." (*Id.* at 6:17–18.) Counsel for the defendants disagreed, stating that, although the defendants were "aware of the existence of the other case and . . . that discovery was, at some point, consolidated," they had "not seen an amended complaint filed in [*Dolar Shop I*.]" (*Id.* at 6:19–7:6.) Judge Kovner consulted the docket in this case, likewise observed that no amended complaint had been filed, and inquired of Mr. Troy as follows:

> [Judge Kovner]: There was an amended complaint that was filed in [*Dolar Shop I*] that lists Mr. Kung's clients as defendants?
>
> Mr. Troy: No, your Honor. We did not file that.
>
> [Judge Kovner]: Okay. Okay. So I mean, unless I am missing something then they are not — the defendants who are here in court today are not actually defendants in the other case, okay?

(*Id.* at 7:14–21; *see id.* at 7:7–12.) Following the conference, Judge Kovner directed the defendants to file their intended motion to dismiss, which was later granted in part and denied in part on February 22, 2021. (*See* 16-CV-2474, Mar. 30, 2020 ECF Minute Entry and Order; 16-CV-2474, Mem. and Order, ECF No. 87.)

## D.  Reassignment and Second Motion to Amend

Both cases were reassigned from Judge Levy to the undersigned magistrate judge on July 20, 2021. (July 20, 2021 ECF Reassignment Order.) The parties appeared for a

status conference on October 13, 2021, during which counsel from Troy Law "mention[ed] . . . the filing of an amended complaint [in *Dolar Shop I*] to include the defendants added in the companion case." (Oct. 13, 2021 ECF Minute Entry and Order.) Counsel from Troy Law asserted that leave to amend in both cases had already been granted by Judge Levy in 2019 and that Plaintiffs' failure to file an amended complaint in *Dolar Shop I* had merely been an oversight. In light of counsel's representations, the Court directed the parties to meet and confer regarding this issue. (*See id.*)

The parties again appeared for a status conference on December 13, 2021. (*See* Dec. 13, 2021 ECF Minute Entry and Order.) Counsel from Troy Law indicated that Defendants had not consented to an amendment of the complaint in *Dolar Shop I* and that, therefore, "they intend[ed] to move to amend." (*Id.*) Accordingly, on January 17, 2022, Plaintiffs filed a pre-motion conference letter regarding their anticipated motion for leave to amend. (*See* Pre-Mot. Conf. Letter, ECF No. 53.) Another status conference was held on February 10, 2022, during which counsel from Troy Law discussed Plaintiffs' anticipated motion, specifically, that Plaintiffs "intend to address Rule 16 concerns . . . in that motion," observing that "[t]he Court had set a schedule for amendment of the complaint," but that "[w]e're now after that schedule." (Tr. of Feb. 10, 2022 Hearing, ECF No. 63, at 14:11–17.) Counsel for the other Plaintiffs was also present. (*See* Feb. 10, 2022 ECF Minute Entry and Order.) In response to Troy Law's discussion of the contemplated motion in *Dolar Shop I*, counsel from Hang and Associates indicated that she and Troy Law would need to discuss whether her clients "should be part of the amended pleading." (*Id.* at 15:11–13.) For their part, Defendants argued that the proposed amendment was "not the amendment that Judge Levy [had] permitted several years ago" and that it should be denied for undue delay. (*Id.* at 16:19–17:5; *see id.* at 20:3–8.)

12

Judge Kovner subsequently referred Plaintiffs' pre-motion conference request in *Dolar Shop I* to the undersigned. (*See* Pre-Mot. Conf. Letter, ECF No. 53; Feb. 17, 2022 ECF Referral Order.) Two months later, Plaintiffs exclusively represented by Troy Law filed a motion for leave to amend on April 23, 2022. (*See* Mot. to Amend, ECF No. 72.) As before, Plaintiffs asserted that Judge Levy had previously granted leave, but that they had inadvertently filed an amended complaint only in *Dolar Shop II* — claiming also that they had failed to file an amended complaint in this case because they had "believ[ed] the matters were consolidated and hence no additional filing was required in" *Dolar Shop I*. (*Id.* at 1–2.) At a conference on April 26, 2022, the Court granted Plaintiffs' pre-motion conference letter request, denied Plaintiffs' subsequently-filed motion for leave to amend as moot without prejudice in light of their then-pending pre-motion conference letter, and granted a motion to withdraw previously filed by defense counsel. (Apr. 26, 2022 ECF Minute Entry and Order.) The Court declined to set a briefing schedule on the motion for leave to amend, pending certain Defendants' need to hire new counsel due to their counsel's withdrawal. (*See* Tr. of Apr. 26, 2022 Hearing, ECF No. 74, at 9:12–14 ("[W]e need to know who counsel is before we can properly set a motion schedule."); *see also* Apr. 26, 2022 ECF Minute Entry and Order.)

At a follow-up conference on May 27, 2022, at the parties' request, the Court referred the case to mediation, which the parties scheduled for September 16, 2022. (*See* May 27, 2022 ECF Minute Entry and Order; Pls.' Status Report, ECF No. 78.) Prior to the scheduled mediation, however, Defendants reached a settlement with the Plaintiffs represented by Hang and Associates; these Plaintiffs were subsequently terminated from this case. (*See* Pls.' Status Report, ECF No. 78; Notice of Acceptance, ECF No. 79; Oct. 7, 2022 ECF Order.) As to the remaining Plaintiffs, no settlement was reached at mediation. (*See* Pls.' Status Report, ECF No. 78.) At a status conference on October 25,

2022, the Court set a briefing schedule for Plaintiffs' motion for leave to amend. (*See* Oct. 25, 2022 ECF Minute Entry and Order.)

The parties filed the fully briefed motion on December 19, 2022. (*See* Mot. to Amend, ECF No. 84; Aff. in Supp., ECF No. 85; Mem. in Supp. of Mot. to Amend ("Supp. Mem."), ECF No. 86; Opp'n Mem., ECF No. 88; Reply, ECF No. 89.) The Court heard oral argument as to Plaintiffs' motion on July 24, 2023, and the motion was taken under advisement. (*See* July 24, 2023 ECF Minute Entry and Order; *see also* Tr. of July 24, 2023 Mot. Hearing, ECF No. 99.)

## ANALYSIS

Plaintiffs request leave to amend the complaint both "to reflect the true names" of several Doe Defendants and to add several of the named defendants in *Dolar Shop II* as Defendants in this action. (*See* Supp. Mem., ECF No. 86, at 1.) Plaintiffs have attached a proposed amended complaint setting forth factual allegations as to each of these new Defendants, including Shanghai Shenzhuang, Qin Bo Liang, Zhong Bao Yuan, Qin Chun Gao, Ying Nan Qi, Xin Feng Wang, and Xiang Chao Liu. (*See generally* Proposed Amended Compl., ECF No. 85-5.) The proposed amended complaint also seeks to add new claims for "Failure to Provide Meal Periods" under NYLL § 162; and record-keeping violations under N.Y. Comp. Codes R. & Regs. tit. 12 ("NYCRR") § 146.2.1.[5] (*See id.* ¶¶ 153–63.)

Defendants oppose Plaintiffs' motion based on undue delay, futility, and undue prejudice. (*See generally* Opp'n Mem., ECF No. 88.) For the reasons discussed below, the Court respectfully recommends denying Plaintiffs' request for leave to amend.

---

[5] The proposed amended complaint also included new claims for civil damages under 26 U.S.C. § 7434 and New York General Business Law § 349. (*See* Proposed Amended Compl., ECF No. 85-5, ¶¶ 173–79.) Plaintiffs have since withdrawn these proposed claims. (*See* Reply, ECF No. 89, at 5.)

## I.  Applicable Motion to Amend Standards

As an initial matter, the Court notes that the parties' submissions are equivocal as to the applicable legal standard for consideration of Plaintiffs' motion. The Court therefore begins by assessing the proper standard for determining whether leave to amend should be granted at this time.

"[W]hen read together," Rules 15 and 16 of the Federal Rules of Civil Procedure "set forth three standards for amending pleadings that depend on when the amendment is sought." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). "At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission." *Id.* "After that period ends — either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A) — the plaintiff must move the court for leave to amend, but the court should grant such leave 'freely . . . when justice so requires' pursuant to Rule 15(a)(2)." *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). "This is a liberal and permissive standard," *id.* (quotation marks omitted), under which leave should be denied only "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quotation marks omitted) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"The period of 'liberal' amendment ends if the . . . court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote*, 9 F.4th at 115. After that date, the plaintiff may amend "only [upon] a showing of the 'good cause' . . . required to modify a scheduling order under Rule 16(b)(4)." *Id.* "Whether good cause exists turns on the 'diligence of the moving party'" in meeting the initial deadline. *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). "It is not, however, the only

consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment . . . will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "If the movant demonstrates good cause, 'the court then applies Rule 15(a) to determine whether the amendment is otherwise proper.'" *Goldman v. Reddington*, No. 18-CV-3662 (RPK) (ARL), 2021 WL 4099462, at *2 (E.D.N.Y. Sept. 9, 2021) (quoting *Kleeberg v. Eber*, 331 F.R.D. 302, 314 (S.D.N.Y. 2019)).

Given the timing of Plaintiffs' motion, it is clearly subject to either the liberal or good cause standards; which of the two is more difficult to say. Ordinarily, the pre-trial scheduling order entered at the outset of a case "limit[s] the time to join other parties [or] amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Depending on how the court crafts the order, that deadline marks the end of the liberal amendment period, thereby triggering the Rule 16(b) good cause standard. *See, e.g.*, *Demopoulos v. United Metro Energy Corp.*, No. 19-CV-5289 (FB) (RLM), 2022 WL 2390986, at *1 (E.D.N.Y. July 1, 2022); *Cherotti v. Exphand, Inc.*, No. 20-CV-11102 (SLC), 2022 WL 2108604, at *6 (S.D.N.Y. June 10, 2022). Here, however, neither the minute entry for the initial conference, nor the pre-trial scheduling order set on October 29, 2016, explicitly indicates the deadline for joining additional parties or amending the pleadings. (*See* June 28, 2016 ECF Minute Entry and Order; Oct. 29, 2016 ECF Order.) Accordingly, although Plaintiffs' motion comes over five years after the scheduling order was set, it is not abundantly clear from the record whether Plaintiffs' request comes before or after an express deadline limiting

the time to amend the pleadings.[6] (*Compare* Oct. 29, 2016 ECF Order, *with* Pre-Mot. Conf. Letter, ECF No. 53.)

The Court notes that, during the February 10, 2022 status conference, Plaintiffs asserted that "the Court *had* set a schedule for amendment of the complaint" and that, by the time of the conference, the parties were "now after that schedule." (Tr. of Feb. 10, 2022 Hearing, ECF No. 63, at 14:11–17 (emphasis added).) Indeed, Plaintiffs indicated that they "intend[ed] to address Rule 16 concerns" in their contemplated motion to amend. (*Id.*) Plaintiffs' present motion does not, however, address whether leave should be granted under the Rule 16(b) good cause standard; their arguments go mainly to whether leave should be permitted under Rule 15(a). (*See* Supp. Mem., ECF No. 86, at 6–10.) For their part, Defendants argue that leave should be denied under either standard, but they do not direct the Court to any deadline previously set limiting the parties' time to amend the pleadings with leave of court. (*See generally* Opp'n Mem., ECF No. 88.) Given the obliqueness of the record, and the fact that neither party has directed the Court to any deadline set in a scheduling order, notwithstanding Plaintiffs' prior assertion that a deadline *was* set and had already expired, the Court simply elects to apply the Rule 15(a) standard to the present motion.[7]

---

[6] The Court notes that, when Judge Levy granted the prior motion to amend in *Dolar Shop II* on April 11, 2019, he applied "the liberal [amendment] standard under Rule 15." (Tr. of Apr. 11, 2019 Hearing, ECF No. 43, at 13:1–7.) This suggests that, to the extent *Dolar Shop I* and *II* had the same case deadlines, the deadline for amending the pleadings with leave of court had yet to expire by December 7, 2018 (the date the letter motions first requesting leave to amend were filed). (*See* 16-CV-2474, Letter Motion, ECF No. 46.)

[7] The Court likewise rejects Plaintiffs' argument that Rule 6(b) governs the Court's decision here, apart from the Rule 15 or 16 standards for amended pleadings. (*See* Supp. Mem., ECF No. 86, at 3–6.) Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (explaining that Rule 6(b) "is a rule of general application giving discretion to the trial court to enlarge time limits either before

As to Plaintiffs' request to join new parties, "[t]he same liberal standard for amending pleadings under Rule 15(a) applies to the joinder of parties under Rule 21." *Kleeberg*, 331 F.R.D. at 315; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

## II.  Leave to Amend

Defendants argue that leave to amend should be denied due to undue delay, futility, and prejudice. (*See* Opp'n Mem., ECF No. 88, at 10–17.) The Court addresses these arguments in turn.

### A.  Undue Delay

Plaintiffs seek leave to amend roughly five years and nine months after this action was first filed. (*Compare* Compl., ECF No. 1, *with* Pre-Mot. Conf. Letter, ECF No. 53.) "[I]t is recognized law in the Second Circuit that delay alone, without some evidence of bad faith or prejudice to the other party, is generally not enough to warrant denial of a motion to amend." *Woodard v. N.Y. Health & Hosps. Corp.*, 554 F. Supp. 2d 329, 351 (E.D.N.Y. 2008). "But, where, as here, 'a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the

---

or after they have expired"). Plaintiffs argument appears to be that Judge Levy previously granted leave to amend in *Dolar Shop I* — not just *Dolar Shop II* — and that Plaintiffs' purported inadvertence in actually filing an amended complaint falls squarely within the sort of "excusable neglect" contemplated by Rule 6(b). (*See* Supp. Mem., ECF No. 86, at 3–6.) Although the parties agree that leave to file an amended complaint at this juncture is required, Plaintiffs fail to direct the Court to any prior order directing Plaintiffs to file an amended complaint in *Dolar Shop I* "within a specified time," such that there is a deadline to extend under Rule 6(b). Fed. R. Civ. P. 6(b). Regardless, Rule 6(b) plainly requires a showing of "good cause" for extending a prior deadline. Fed. R. Civ. P. 6(b). Given the undue delay in this case, *see infra*, along with Plaintiffs' unconvincing explanation for why no amended complaint was ever filed (assuming *arguendo* that leave was, in fact, granted), the Court finds that Plaintiffs have neither shown good cause for an extension, nor that their conduct is excusable neglect within the meaning of Rule 6(b) given the amount of time that has passed between Judge Levy's purported grant of the motion to amend in this case (in 2019) and Plaintiffs' current efforts to amend, which started in late 2021. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004); *cf. Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (explaining that "ignorance of the law is an unsatisfactory excuse" for "an inordinate delay").

burden upon the movant to show some valid reason for [their] neglect and delay.'" *Perpall v. Pavetek Corp.*, No. 12-CV-336 (PKC) (RLM), 2018 WL 2390123, at *2 (E.D.N.Y. May 25, 2018) (quoting *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 952 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984)). Moreover, "under Fed. R. Civ. P. 15(a), leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent." *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004) (emphasis in original).

Plaintiffs argue that their delay in moving to amend should be excused because they "inadvertently filed" an amended complaint only in *Dolar Shop II*. (Supp. Mem., ECF No. 86, at 5–6.) They explain that "counsel was under the impression [that] both the [c]ases shared the same [c]omplaint as the operating complaint . . . and it was not until later that [counsel] realized that the [c]omplaint had to be filed in both matters and . . . promptly brought it to this Court's attention." (*Id.* at 6.) However, the factual record belies this claim. Moreover, "ignorance of the law is an unsatisfactory excuse" for "an inordinate delay" in moving to amend. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). Judge Levy ordered at the outset of both actions that *Dolar Shop I* and *II* were "consolidated for discovery" only (which appears to have been the new defendants' understanding as well, upon appearing in *Dolar Shop II* years later). (Dec. 12, 2016 ECF Minute Entry and Order; *see* Tr. of Mar. 30, 2020 Conference, ECF No. 87-2, at 6:25–7:2.)

The Court further notes that, even after Judge Kovner confirmed with Plaintiffs' counsel during the March 30, 2020 hearing that no amended complaint had been filed in *Dolar Shop I*, Plaintiffs did nothing for nearly 18 months. (*See* Tr. of Mar. 30, 2020 Conference, ECF No. 87-2, at 7:10–21; Oct. 13, 2021 ECF Minute Entry and Order (noting that Plaintiffs mentioned filing an amended complaint).) From there, even though it

rapidly became apparent that Defendants did not consent to the proposed amendment, Plaintiffs failed to actually initiate their motion to amend until January 17, 2022, almost 22 months after confirming with Judge Kovner that Plaintiffs had not filed an amended complaint in this case. (*See* Pre-Mot. Conf. Letter, ECF No. 53 (dated Jan. 17, 2022).)

Plaintiffs have presented no reasonable excuse for this delay. Very recently, during the motion hearing on July 24, 2023, Plaintiffs' counsel asserted that "we couldn't go forward with" filing the amendment because the two sets of Plaintiffs could not agree "on the form of the amended complaint." (Tr. of July 24, 2023 Mot. Hearing, ECF No. 99, at 19:10–14.) Counsel stated: "That changed later when the set of plaintiffs represented by Hang & Associates settled" with Defendants. (*Id.* at 19:14–16.) But there are at least two problems with that explanation. First, even if the Court were to assume that coordination with co-Plaintiffs' counsel was an excusable source of delay, Troy Law filed a motion for leave to amend exclusively on behalf of the Plaintiffs they represented on April 23, 2022 — well before the separately represented plaintiffs settled with Defendants in August 2022. (*See* Mot. to Amend, ECF No. 72; *see also* Status Report, ECF No. 78, at 1.) Counsel has provided no explanation as to why they could not have similarly requested leave to amend, i.e., solely on behalf of the Plaintiffs they represented, immediately after Judge Kovner confirmed with Mr. Troy in March 2020 that no amended complaint had been filed in *Dolar Shop I*. Second, the Court finds counsel's most recent representation to be entirely at odds with the position that counsel had previously advanced, i.e., that Judge Levy had already granted leave to file an amended complaint, but they simply forgot to file it.

Given the record in this case, the Court readily finds that Plaintiffs have failed to meet their burden of demonstrating a "valid reason" for the inordinate delay in moving

to file their amended complaint. *Perpall*, 2018 WL 2390123, at *2. For this and the following reasons, the Court concludes that leave to amend should be denied.

## B. Futility

Defendants further argue that leave should be denied because "the newly asserted claims" in the proposed amended complaint are futile. (Opp'n Mem., ECF No. 88, at 13.) A futility argument challenges "[t]he adequacy of a proposed amended complaint to state a claim," which is "judged by the same standards as those governing the adequacy of a filed pleading." *Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). In other words, "[l]eave to amend may properly be denied if . . . the proposed new pleading fails to state a claim on which relief can be granted," *id.*, or if, for instance, the "proposed amendment adds a claim and party over which the Court lacks subject matter jurisdiction," *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003).

Plaintiffs' proposed amended complaint sets forth two new causes of action: (1) failure to provide meal periods under NYLL § 162 and (2) violations of record-keeping requirements under NYCRR § 146-2.1.[8] (*See* Proposed Amended Compl., ECF No. 85-5, ¶¶ 153–63.) The Court finds that Plaintiffs' claims for failure to provide meal

---

[8] The Court does not address one of the causes of action that Plaintiffs seem to describe as new, namely, a NYLL claim for pay-stub violations (sometimes termed wage statement violations), because that claim is already alleged in the original complaint, together with the claim that Defendants failed to provide appropriate time-of-hire wage notices. (*See* Compl., ECF No. 1, ¶¶ 117–18 (alleging wage statement violation, with reference to NYLL § 195-3); *see also id.* ¶¶ 115–16 (alleging wage notice violation, with reference to NYLL § 195-1); *cf.* Reply, ECF No. 89, at 4 (arguing in support of amendment to include § 195-3 claim).) Although the Court questions whether Plaintiffs' wage notice and wage statement claims are futile for lack of Article III standing, that inquiry must wait for another day, as it has not been raised by the parties nor briefed. *See Veintimilla v. Sunny Builders NY*, No. 22-CV-1446 (LDH) (TAM), 2023 WL 2969385, at *9–13 (E.D.N.Y. Feb. 17, 2023) (recommending dismissal of Plaintiff's wage notice and wage statement claims for lack of Article III standing; collecting cases), *cf. Clark v. McCabe, Weisburg & Conway, LLC*, No. 22-CV-3289 (RPK) (PK), 2022 WL 3030347 (E.D.N.Y. Aug. 1, 2022) (dismissing plaintiff's FDCPA claims and denying leave to amend where the plaintiff's proposed amendment failed to allege facts establishing Article III standing).

periods and violations of record-keeping requirements are futile because neither NYLL § 162 nor NYCRR § 146-2.1 provides a private right of action. *See Hill v. City of New York*, 136 F. Supp. 3d 304, at 350–51 (E.D.N.Y. 2015) (collecting cases explaining that "there is no private right of action to enforce [NYLL] § 162"); *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *6 (E.D.N.Y. May 1, 2019), *report and recommendation adopted*, 2019 WL 3714600 (E.D.N.Y. May 28, 2019) (noting that there is "no independent cause of action for violations of New York's recordkeeping requirements"); *see also Chen v. Shanghai Café Deluxe, Inc.*, No. 16-CV-4790 (VF), 2023 WL 2401376, at *8 (S.D.N.Y. Mar. 8, 2023); *Sun v. Sushi Fussion Express, Inc.*, No. 16-CV-4840 (RPK) (LB), 2022 WL 2466848, at *9 (E.D.N.Y. Mar. 8, 2022). The Court is unpersuaded by the authority relied upon by Plaintiffs for the contrary proposition. (*See* Reply, ECF No. 89, at 4 (citing *Perdomo v. 113-117 Realty, LLC*, No. 18-CV-9860 (VB), 2019 WL 6998621, at *6 (S.D.N.Y. Dec. 20, 2019) (declining to dismiss the plaintiff's claim under NYLL § 162 for failure to state a claim)).)

Because Plaintiffs' new causes of action fail to state a claim, the Court finds that the proposed amendment to add new claims is futile. The Court thus respectfully recommends that leave to amend be denied on this basis as well.[9]

---

[9] The Court also makes an observation about timing. With respect to the new prospective Defendants, the Court notes that the three-year statute of limitations applicable to the FLSA claims has run. (*See* Tr. of Apr. 11, 2019 Hearing, ECF No. 43, at 11:16–17 (Judge Levy discussing operative statute of limitations and timing).) In addition, as to the state law claims, given the record here, to the extent any of the state statutes of limitations have expired, the Court does not find that Plaintiffs have exercised diligence in their efforts to substitute the Doe Defendants *nunc pro tunc* under N.Y. C.P.L.R. § 1024. *See Hogan v. Fischer*, 738 F.3d 509, 517–18 (2d Cir. 2013) (discussing relation back under federal law); *see also id.* at 519 (observing that to "take advantage of § 1024," a party "must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name" and also must describe the John Doe party in such a way as to apprise the party that he is the intended defendant (quotation marks omitted)). Here, Plaintiffs have known the names of the Doe Defendants since at least December 7, 2018, when the proposed amended complaint bearing the case number for *Dolar Shop II* was filed. (*Compare* 16-CV-2474, ECF No. 46-3 (case caption) *with* Proposed Amended Compl., ECF

### C.  Undue Prejudice

Defendants further argue that leave should be denied because they "will surely suffer prejudice," asserting that "substantial amounts of additional discovery" would be required, thereby delaying summary judgment and trial. (Opp'n Mem., ECF No. 88, at 12.) Plaintiff basically dismisses this argument, claiming that "no additional discovery will be needed in this matter" because Plaintiffs have "already conducted the discovery" of the proposed new defendants and because those defendants already "had the opportunity to depose the Plaintiffs and seek . . . necessary documents even if it was only for *Dolar Shop [II].*"  (Reply, ECF No. 89, at 2–3.)

Given the age of the case, and in light of Plaintiffs' request to add *seven* defendants to this action, the Court does not credit Plaintiffs' bald assertion that permitting the proposed amendment will cause no delay or additional discovery. As noted above, merely serving the newly-added defendants in *Dolar Shop II* took several months, ultimately requiring motion practice. Moreover, Plaintiffs' apparent belief that *they* need "no additional discovery" may not be reflective of the views of the proposed new defendants. Rather, the Court finds it far more plausible that additional depositions of Plaintiffs may be needed and that additional discovery steps would need to be undertaken, as Defendants argue. (Opp'n Mem., ECF No. 88, at 12.) While true that the proposed new defendants certainly "had the opportunity" to take what discovery they required in *Dolar Shop II*, absent an amended complaint having been

---

No. 85-5 (case caption).) *See Kleeberg*, 331 F.R.D. at 314 (observing that a request to amend under Rule 15 may be denied "where the proposed amendment is futile because, for example, it fails to state a viable legal claim or is time-barred"). The Court does not recommend denying the amendment on statute of limitations grounds specifically, because these issues have not been briefed by the parties, but these timeliness concerns further underscore the Court's ultimate conclusion that permitting amendment here would cause undue prejudice and delay as these issues are likely to require additional motion practice.

filed in this case, the proposed new defendants were under no obligation to seek discovery as to Plaintiffs in *Dolar Shop I*. (Reply, ECF No. 89, at 3.) Were Plaintiffs to file an amended complaint in this action alleging, for the first time, claims against the proposed new defendants, those defendants may very well be entitled to such discovery, further delaying a resolution of this matter as to the existing Defendants.

For all of these reasons, to grant the Plaintiffs' proposed amendment and permit the joinder of seven additional defendants at this extremely late date would almost certainly result in the expenditure of significant additional resources and a substantial delay in the resolution of this case. *See generally Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (identifying prejudice in the context of a motion to amend as including whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction"); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726–27 (2d Cir. 2010).

**CONCLUSION**

For all of the reasons discussed above, the Court finds that, even under the liberal amendment standard under Federal Rule of Civil Procedure 15(a), leave to amend should be denied due to undue delay, futility, and undue prejudice. The Court therefore respectfully recommends denying Plaintiffs' motion for leave to amend.

*   *   *   *   *

Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Rachel P. Kovner, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the

24

specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

       **SO ORDERED.**

Dated:    Brooklyn, New York
          August 1, 2023

                           *Taryn A. Merkl*
                           TARYN A. MERKL
                           UNITED STATES MAGISTRATE JUDGE