UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
GANG LI, JIA ZHEN JING, JIN WANG,
DONG BIN LI, MEI FANG YAO, SHAN
ZHI SUN, and HAI HONG HAN,

               Plaintiffs,

        -against-

THE DOLAR SHOP RESTAURANT
GROUP, LLC, KEN CHEUNG, SUZIE
CHEUNG, and JOHN and JANE DOE 1
THROUGH 10,

               Defendants.
---------------------------------------------------------X

   CHEN LIN, JIANQUN ZHANG, DI PAN,
   BO LIU, and JIALIANG PAN,

               Plaintiffs,

        -against-

THE DOLAR SHOP RESTAURANT
GROUP, LLC, d/b/a Dolar Shop,
SHANGHAI SHENZHUANG THE
DOLAR SHOP CATERING
MANAGEMENT CO., LTD., YU ZHANG
a/k/a Yu Cheung a/k/a Suzie Cheung,
TZU CHEUNG a/k/a Tzu Yen Cheung
a/k/a Ken Cheung, GE LI a/k/a/ Jerry Li
QIN BO LIANG a/k/a Alvin Liang,
ZHON BAO YUAN, QIN CHUN GAO,
YING NAN QI, a/k/a Frank Qi, XIN
FENG WANG a/k/a Ruby Wang, and
XIANG CHAO LIU,

               Defendants.
--------------------------------------------------------- X

**REPORT AND
RECOMMENDATION**
16-CV-1953 (RPK) (TAM)
16-CV-2474 (RPK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Presently before the Court is a motion for class certification brought in two cases against The Dolar Shop Restaurant Group and related entities and individual defendants, filed in two parallel cases that allege, primarily, wage and hour violations and related claims against Defendants. For the reasons set forth herein, the Court respectfully recommends that Plaintiffs' motion for class certification be denied.

By way of background, in the first-filed case, *Li v. The Dolar Shop Restaurant Group LLC*, No. 16-CV-1953 (hereinafter "*Dolar Shop I*"), a group of Plaintiffs initiated an action on April 20, 2016, alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 6, Section 190 *et seq.* and Art. 19, Section 650 *et seq.*, by Defendants The Dolar Shop Restaurant Group, LLC ("Dolar Shop"), Ken Cheung, Suzie Cheung, and John and Jane Doe 1 through 10. (*See* 16-CV-1953, Compl., ECF No. 1.) In the second-filed case, *Lin v. The Dolar Shop Restaurant Group, LLC*, No. 16-CV-2474 (hereinafter "*Dolar Shop II*"), a different set of plaintiffs filed suit on May 16, 2016. (*See* 16-CV-2474, Compl., ECF No. 1.[1]) *Dolar Shop II* was similarly brought against Dolar Shop and several individual defendants and was likewise styled as both a collective and class action. (*See* 16-CV-2474, Compl., ECF No. 1.) The cases have been pending for almost eight years, and Plaintiffs now move for class certification. The motion is untimely, lacking in merit, and Plaintiffs have not demonstrated that they and their counsel will effectively represent

---

[1] Unless otherwise noted, record citations herein refer to the specific *Dolar Shop* case indicated, that is either the 16-CV-1953 case or the 16-CV-2474 case, notwithstanding that many filings and docket text entries are identical or very similar across the two dockets. In certain instances, where defined, the record citations refer to specific filings, such as the class certification motion and related documents, which, unless otherwise indicated, are the same in both cases; these record citations do not always include the ECF number of the filings, and merely refer to the document at issue.

the interests of the class. Accordingly, as detailed herein, the Court respectfully recommends that the motion for class certification be denied in its entirety.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual and procedural history of the two cases is included in some detail here because it is ultimately relevant to the issues presently before the Court insofar as the procedural history demonstrates serious deficiencies in counsel's prosecution of the cases and representation of Plaintiffs.

### I.  Complaint and Initial Proceedings

#### A.  *Dolar Shop I* **(16-CV-1953)**

As alleged in the 16-CV-1953 complaint, Defendant The Dolar Shop Restaurant Group, LLC is a limited liability company that owns a Chinese restaurant in Queens, New York. (*See* 16-CV-1953, Compl., ECF No. 1, ¶¶ 15–16.) Defendants Ken and Suzie Cheung are alleged owners of Dolar Shop, along with the other Doe Defendants identified in the complaint. (*See id.* ¶¶ 16–21.) Plaintiffs allege that Defendants employed them as kitchen workers, servers, and dish washers during various periods between October 15, 2015 and the time of filing. (*See id.* ¶¶ 28–56.) Plaintiffs generally allege that Defendants underpaid them for hours worked and "subjected [them] to a racially discriminating work environment." (*Id.* ¶ 57; *see also id.* ¶¶ 57–58.)

As mentioned above, the first group of Plaintiffs filed *Dolar Shop I* on April 20, 2016, styled as a collective action under 29 U.S.C. § 216(b) and a Rule 23 class action. (*See generally* 16-CV-1953, Compl., ECF No. 1.) Accordingly, Plaintiffs sought to bring the first "action individually and on behalf of all other and former non-exempt employees who have been or were employed by" Defendants, for the period of "up to . . . two (2) years" prior to suit "through entry of judgment," and who were similarly underpaid for hours worked. (*Id.* ¶ 71; *see also id.* ¶¶ 71–86.) Plaintiffs allege claims for

unpaid minimum wage and overtime pay under both the FLSA and NYLL; for unpaid spread-of-hours pay under the NYLL; for wage notice and statement violations under the New York Wage Theft Prevention Act ("WTPA"), *see* NYLL §§ 195-1 and 195-3; and for race discrimination under both the New York State Human Rights Law ("NYSHRL"), *see* N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), *see* N.Y.C. Admin. Code § 8-107. (*See* 16-CV-1953, Compl., ECF No. 1, ¶¶ 87–129.)

Defendants filed their answer in *Dolar Shop I* on June 15, 2016. (16-CV-1953, Answer, ECF No. 8.) The parties then appeared for a conference before the Honorable Robert M. Levy on June 28, 2016, during which Judge Levy set several case deadlines, further directing the parties to file a status report regarding whether Defendants would oppose provisional certification.[2] (*See* 16-CV-1953, June 28, 2016 ECF Min. Entry.) The minute entry for this conference does not indicate whether a deadline was set for amended pleadings. (*See id.*)

**B.  *Dolar Shop II* (16-CV-2474)**

Meanwhile, the second action, *Dolar Shop II*, had been filed by a different set of plaintiffs on May 16, 2016. (*See* 16-CV-2474, Compl., ECF No. 1.) At the time, the plaintiffs in *Dolar Shop I* and *II* were separately represented; Plaintiffs in *Dolar Shop I* were represented by Hang and Associates, PLLC, and the plaintiffs in *Dolar Shop II* were represented by Troy Law, PLLC (hereinafter "Troy Law"). (*Compare* 16-CV-1953

---

[2] Provisional (or conditional) certification of a collective action under § 216(b) "does not produce a class with an independent legal status, or join additional parties to the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Id.* (citations omitted).

Compl., ECF No. 1, *with* 16-CV-2474, Compl., ECF No. 1.) *Dolar Shop II* was similarly brought against Dolar Shop and several individual defendants and was likewise styled as both a collective and class action. (*See* 16-CV-2474, Compl., ECF No. 1.)

On August 1, 2016, *Dolar Shop II* was reassigned to the Honorable Ann M. Donnelly as the presiding district judge and Judge Levy, and the parties in both cases appeared before Judge Levy on September 28, 2016. (16-CV-2474, Aug. 1, 2016 ECF Reassignment Order; 16-CV-2474, Sept. 28, 2016 ECF Min. Entry.) After the hearing, the parties were directed to file a joint status report addressing: "(1) whether [the two] cases . . . should be consolidated for all purposes, or remain consolidated for discovery only; (2) whether plaintiffs, at this time, intend to move . . . for provisional certification of a collective action or for class certification; [and] (3) whether . . . defendants consent to provisional certification." (16-CV-2474, Sept. 28, 2016 ECF Status Report Order; *see also* 16-CV-2474, Sept. 28, 2016 ECF Min. Entry.) The parties were also directed to provide "a proposed schedule for the completion of discovery in both [cases]." (16-CV-2474, Sept. 28, 2016 ECF Min. Entry.)

## C. Consolidation of Cases

The parties filed a joint status report on October 19, 2016, indicating that Defendants consented to provisional certification of a collective action in both *Dolar Shop I* and *II*. (*See* 16-CV-1953, Joint Status Report, ECF No. 9; 16-CV-2474, Joint Status Report, ECF No. 27.) The parties further indicated that "Plaintiffs from both matters intend[] to consolidate the matters for collective action purpose only" and that, "[i]n the interest of efficiency, . . . the parties intend to coordinate the discovery schedule for both matters." (16-CV-1953, Joint Status Report, ECF No. 9 (emphasis omitted); 16-CV-2474, Joint Status Report, ECF No. 27.) Judge Levy adopted the parties' proposed discovery schedule in both cases on October 29, 2016, and, at a status conference on December 12,

2016, ordered that the two cases be "consolidated for discovery." (Dec. 12, 2016 ECF Min. Entry (entered in both cases); *see* 16-CV-1953, Oct. 29, 2016 ECF Pretrial Order; 16-CV-2474, Oct. 29, 2016 ECF Pretrial Order.)

On January 31, 2018, after over a year of discovery, John Troy of Troy Law entered a notice of appearance in *Dolar Shop I*. (*See* 16-CV-1953, Notice of Appearance, ECF No. 23; *see also* 16-CV-1953, Notices of Appearance, ECF Nos. 24, 25; 16-CV-1953, Mot. for Substitution of Counsel, ECF No. 26.) A dispute ensued between Troy Law and Hang and Associates regarding the representation of Plaintiffs in *Dolar Shop I*. (*See* 16-CV-1953, Resp. to Mot. for Substitution of Counsel, ECF No. 27; 16-CV-1953, Mot. for Sanctions, ECF No. 29.) Following an evidentiary hearing on April 26, 2018, Judge Levy concluded that all Plaintiffs in *Dolar Shop I* but Gang Li and Jin Wang "wish[ed] to be represented by the Troy Law firm." (16-CV-1953, Apr. 26, 2018 ECF Min. Entry.) Accordingly, from that point forward, Plaintiffs Gang Li and Jin Wang continued to be represented by Hang and Associates, and the remaining Plaintiffs were represented by Troy Law.

## II.  Initial Efforts to Amend in *Dolar Shop I*

On October 22, 2018, following a failed attempt at mediation, the parties appeared for another status conference. (*See* 16-CV-2474, Post-Mediation Status Report, ECF No. 45; 16-CV-1953, Oct. 22, 2018 ECF Min. Entry.) Judge Levy's minute entry, which is identical in both *Dolar Shop I* and *II*, states: "Mr. Troy seeks to amend the complaint to add a Chinese corporation that he believes is a joint employer. Mr. Troy and Mr. Segal shall advise by [November 7, 2018] whether defendants will oppose the motion." (16-CV-1953, Oct. 22, 2018 ECF Min. Entry; 16-CV-2474, Oct. 22, 2018 ECF Min. Entry.) The minute entry further provides: "By [November 7, 2018], Mr. Segal" — defense counsel in both matters — "shall provide (a) an English copy of the operating

agreement discussed at this conference; and (b) an English copy of the 'licensing agreement' Mr. Troy discussed at this conference, if it exists and is within his clients' possession[,] custody[,] or control." (16-CV-1953, Oct. 22, 2018 ECF Min. Entry; 16-CV-2474, Oct. 22, 2018 ECF Min. Entry.)

No filing was made by November 7, 2018, and Mr. Troy later filed letter motions in both cases on December 7, 2018, in which he included a status update and sought to amend the pleadings. (16-CV-1953, Status Report, ECF No. 40; 16-CV-2474, Status Report, ECF No. 46.) The content of the letter motions is identical; the only distinction is the case number listed below the subject line, which corresponds to the case in which the letter was filed.[3] (*Compare* 16-CV-1953, Status Report, ECF No. 40, *with* 16-CV-2474, Status Report, ECF No. 46.) Each letter was addressed to Judge Levy and stated as follows:

> We write respectfully, and pursuant to Your Honor's order of October 22, 2018, to report that 1) Defendants have refused to provide complete Chinese and English copies of the operating and licensing agreement discussed at the conference on October 22, 2018 and 2) Defendants have not consented to the filing of a complaint naming the Chinese corporation joint employer. We therefore request 1) that the Court compel the production of the complete Chinese and English copies of the operating and licensing agreement and 2) that the Court grant leave to amend the complaint.

(16-CV-1953, Status Report, ECF No. 40, at 1.)

Each letter also had three attachments; the attachments are identical on both of the two dockets. (*Compare* 16-CV-1953, Exs. 1–3, ECF Nos. 40-1, 40-2, 40-3, *with* 16-CV-2474, Exs. 1–3, ECF Nos. 46-1, 46-2, 46-3.) The third attachment was a proposed

---

[3] The Court notes that, as entered on ECF, the December 7, 2018 letter filed in this case was purportedly filed on behalf of all *Dolar Shop I* Plaintiffs, which ostensibly included Gang Li and Jin Wang (who were still represented by Hang and Associates). (*See* 16-CV-1953, Status Report, ECF No. 40.) The content of Mr. Troy's letter does not indicate either way whether it was filed on behalf of these separately-represented Plaintiffs. (*See id.*)

amended complaint captioned exclusively, however, for *Dolar Shop II*, including the case number and named plaintiffs. (*Compare* 16-CV-1953, Proposed Am. Compl., ECF No. 40-3, *with* 16-CV-2474, Proposed Am. Compl., ECF No. 46-3.) Consistent with the request made in the letter motion, the proposed amended complaint set forth additional defendants not named in the initial *Dolar Shop II* complaint: The Dolar Shop Manhattan LLC ("Dolar Shop Manhattan"), Shanghai Shenzhuang the Dolar Shop Catering Management Co., Ltd. ("Shanghai Dolar Shop"), Ge Li, Qin Bo Liang, Zhong Bao Yuan, Qin Chun Gao, Ying Nan Qi, Xin Feng Wang, and Xiang Chao Liu. (*See* 16-CV-1953, Proposed Am. Compl., ECF No. 40-3, ¶¶ 20–35, 42–67.) Notably, the proposed amended complaint set forth substantially identical causes of action to those raised in the initial *Dolar Shop II* complaint, namely, minimum wage and overtime claims under the FLSA and NYLL, and other state and federal claims. (*Compare* 16-CV-1953, Proposed Am. Compl., ECF No. 40-3, *with* 16-CV-2474, Compl., ECF No. 1.) Notably absent, however, from the proposed amended complaint, were the causes of action that were unique to the initial *Dolar Shop I* complaint, including Plaintiffs' race discrimination claims under the NYSHRL and NYCHRL. (*Compare* 16-CV-1953, Proposed Am. Compl., ECF No. 40-3, ¶¶ 153–204 (bearing docket number 16-CV-2474 *only*), *with* 16-CV-1953, Compl., ECF No. 1, ¶¶ 120–29.)

Defendants filed a response to the letter motion on December 11, 2018, but only in *Dolar Shop I*. (*See* 16-CV-1953, Reply in Opp'n, ECF No. 41.) As to Plaintiffs' request to compel, Defendants argued that they had already produced the documents at issue. (*See id.*) As to the request for leave to amend, Defendants argued that the request was untimely, asserting that "[d]iscovery ha[d] been completed for over a year and a half," and that Defendants would "be prejudiced in their defense if leave to amend [were] granted." (*Id.*) On January 5, 2019, Judge Levy entered an order to show cause in *Dolar*

*Shop II*, noting that Defendants had failed to respond to the Court's October 22, 2018 Order directing Defendants to "advise whether they opposed amendment of the complaint," noting also that Defendants had not "responded to, much less oppose[d]" Plaintiffs' letter motion. (16-CV-2474, Jan. 5, 2019 ECF Order to Show Cause.) Defendants promptly filed a letter in *Dolar Shop II*, directing the Court to Defendants' response previously filed on December 11, 2018, in *Dolar Shop I* and stating that counsel had "erroneously filed" the response in the wrong case. (16-CV-2474, Resp. to Order to Show Cause, ECF No. 47.)

The parties subsequently appeared for a conference on February 4, 2019. (*See* 16-CV-1953, Feb. 4, 2019 ECF Min. Entry.) The minute entry, which is substantially identical in both cases, provides as follows:

> Argument heard on motion to amend complaint. Defendants oppose the amendment primarily on undue delay grounds. However, for the reasons explained on the record and in the cases cited by the court, defendants' argument is unpersuasive, and defendants have not shown prejudice if the amendment were granted. Plaintiffs' counsel has certified that the amendment would require no additional discovery. However, plaintiffs have not demonstrated that the claims against the additional defendants are timely and not time barred.

(*Id.*; *see also* 16-CV-2474, Feb. 4, 2019 ECF Min. Entry.) In light of Judge Levy's concerns regarding the timeliness of proposed claims against the additional defendants, the parties were directed to file supplemental briefing on the issue. (*See* 16-CV-1953, Feb. 4, 2019 ECF Min. Entry; *see* 16-CV-2474, Feb. 4, 2019 ECF Min. Entry.) The plaintiffs submitted their supplemental brief on March 4, 2019, exclusively in *Dolar Shop II*. (*See* 16-CV-2474, Suppl. Mot. to Amend, ECF No. 48.) The next day, Judge Donnelly formally referred Plaintiffs' letter motion in *Dolar Shop II* to Judge Levy; no referral was made with respect to the letter motion filed in *Dolar Shop I*. (*See* 16-CV-2474, Mar. 5, 2019 ECF Referral Order.) The defendants then filed their response to Plaintiffs'

supplemental brief on March 25, 2019, again, only in *Dolar Shop II* and not in *Dolar Shop I*. (*See* 16-CV-2474, Suppl. Opp'n to Mot. to Amend, ECF No. 49.)

A follow-up conference was held on April 11, 2019, during which Judge Levy issued an oral ruling on what he consistently referred to as a single motion to amend. (*See* 16-CV-1953, Tr. of Apr. 11, 2019 Hr'g, ECF No. 43, at 2:15, 3:4, 7:20, 10:15, 13:2.) The majority of Judge Levy's analysis went to whether the proposed amendment adequately alleged that the additional defendants were joint employers under the FLSA and NYLL, an issue Defendants had contested in their supplemental brief. (*See id.* at 5:6–11:13; *see also* 16-CV-2474, Suppl. Opp'n to Mot. to Amend, ECF No. 49, at 1–3.) Judge Levy also evaluated whether the claims brought against the additional defendants were time-barred, concluding that, although the FLSA claims were brought outside the statute of limitations, the allegations in the proposed amendment related back to the initial complaint under Rule 15(c)(1).[4] (*See* 16-CV-1953, Tr. of Apr. 11, 2019 Hr'g, ECF No. 43, at 11:14–12:25 (citing Fed. R. Civ. P. 15(c)(1)).)

Accordingly, "given the liberal standard under Rule 15," Judge Levy held that "the motion to amend should be granted with respect to the parties that the plaintiffs now wish to add." (*Id.* at 13:1–7; *see also* 16-CV-1953, Apr. 11, 2019 ECF Min. Entry.) Judge Levy's minute entry for the April 11, 2019 conference, substantially identical in both cases, states as follows:

> (1) Plaintiffs withdraw the motion to amend to add The Dolar Shop Manhattan LLC . . . . (2) For the reasons explained in detail on the record in an opinion delivered orally the motion to amend is granted as to the other proposed defendants. I further find that the FLSA claims as to the proposed defendants relate back and are not time barred.

---

[4] The Court notes that Judge Levy at least once referred to the filing dates of both actions as the operative date in his statute of limitations analysis. (*See* 16-CV-1953, Tr. of Apr. 11, 2019 Hr'g, ECF No. 43, at 11:16–17.)

(16-CV-1953, Apr. 11, 2019 ECF Min. Entry.) An amended complaint matching the proposed amended complaint (but excluding the allegations as to The Dolar Shop Manhattan) was filed that same day in *Dolar Shop II*. (*See* 16-CV-2474, Am. Compl., ECF No. 50.) No amended complaint was filed in *Dolar Shop I*.

### III. Subsequent Activity in *Dolar Shop II*

About a month later, on May 16, 2019, the plaintiffs in *Dolar Shop II* filed a letter motion for alternative service as to some of the new defendants. (*See* 16-CV-2474, May 16, 2019 Letter, ECF No. 54.) In short, the plaintiffs requested leave to serve these defendants via email, given that they were located in China and because service under the Hague Convention could take months. (*See id.*) On July 3, 2019, the plaintiffs filed a letter supplementing their motion for alternative service. (*See* 16-CV-2474, July 3, 2019 Letter, ECF No. 55.) Both filings were made exclusively in *Dolar Shop II*.

By memorandum and order issued on September 13, 2019, Judge Levy denied the *Dolar Shop II* plaintiffs' motion for alternative service. (*See* 16-CV-2474, Mem. & Order, ECF No. 59.) Although no motion for alternative service had been filed in *Dolar Shop I*, the memorandum and order bears the caption for both matters and was entered on both dockets. (*See id.*; *see also* 16-CV-1953, Mem. & Order, ECF No. 42.) In October 2019, the plaintiffs in *Dolar Shop II* subsequently filed affidavits of service in that case, indicating that service had been effected as to at least some of the newly added defendants. (*See* 16-CV-2474, Affs. of Service, ECF Nos. 60–64.)

After these defendants failed to timely answer the complaint, Judge Levy entered an order in *Dolar Shop II*, directing the plaintiffs to request a certificate of default by December 4, 2019. (*See* 16-CV-2474, Nov. 25, 2019 ECF Order.) The plaintiffs instead filed a letter requesting an extension of that deadline, indicating that Troy Law had been in contact with prospective counsel for the new defendants. (*See* 16-CV-2474,

Letter, ECF No. 65.) Judge Levy granted the request, and, on January 4, 2020, the plaintiffs requested another extension, which was likewise granted. (*See* 16-CV-2474, Dec. 12, 2019 ECF Order; 16-CV-2474, Letter, ECF No. 70; 16-CV-2474, Jan. 7, 2020 ECF Order.) Once again, each of the plaintiffs' letters was filed exclusively in *Dolar Shop II*.

Counsel for the new defendants eventually appeared and, on February 14, 2020, filed a pre-motion conference request, arguing that service had been inadequate and that dismissal was proper. (16-CV-2474, Pre-Mot. Conf. Letter, ECF No. 77.) Both matters were reassigned to the Honorable Rachel P. Kovner on February 21, 2020, who held the requested pre-motion conference in *Dolar Shop II* on March 30, 2020. (*See* 16-CV-1953, Feb. 21, 2020 ECF Reassignment Order; 16-CV-2474, Feb. 21, 2020 ECF Reassignment Order; 16-CV-2474, Mar. 30, 2020 ECF Min. Entry & Order.)

During the conference, Judge Kovner noted the relatedness of the two cases and asked whether the service of process issue raised by the new defendants was confined to *Dolar Shop II*. (16-CV-1953, Tr. of Mar. 30, 2020 Hr'g, ECF No. 87-2, at 5:11–6:10.) Mr. Troy, appearing on Plaintiffs' behalf, confirmed that it was. (*See id.* at 6:11.) Mr. Troy also stated, however, that he believed the amended complaint filed in *Dolar Shop II* "applie[d] to the two cases." (*Id.* at 6:17–18.) Counsel for the defendants disagreed, stating that, although the defendants were "aware of the existence of the other case and . . . that discovery was, at some point, consolidated," they had "not seen an amended complaint filed in [*Dolar Shop I*.]" (*Id.* at 6:19–7:6.) Judge Kovner consulted the docket, likewise observed that no amended complaint had been filed in *Dolar Shop I*, and inquired of Mr. Troy as follows:

> [Judge Kovner]: There was an amended complaint that was filed in [*Dolar Shop I*] that lists Mr. Kung's clients as defendants?
>
> Mr. Troy: No, your Honor. We did not file that.

> [Judge Kovner]: Okay. Okay. So I mean, unless I am missing something then they are not — the defendants who are here in court today are not actually defendants in the other case, okay?

(*Id.* at 7:14–21; *see id.* at 7:7–12.) Following the conference, Judge Kovner directed the defendants to file their intended motion to dismiss, which was granted in part and denied in part on February 22, 2021. (*See* 16-CV-2474, Mar. 30, 2020 ECF Min. Entry & Order; 16-CV-2474, Mem. & Order, ECF No. 87.)

## IV. Reassignment and the Second Effort to Amend in *Dolar Shop I*

Both cases were reassigned from Judge Levy to the undersigned magistrate judge on July 20, 2021. (*See, e.g.*, 16-CV-1953, July 20, 2021 ECF Reassignment Order.) The parties appeared for a status conference on October 13, 2021, during which counsel from Troy Law "mention[ed] . . . the filing of an amended complaint [in *Dolar Shop I*] to include the [defendants added] in the companion case." (16-CV-1953, Oct. 13, 2021 ECF Min. Entry & Order.) Counsel from Troy Law asserted that leave to amend in both cases had already been granted by Judge Levy in 2019 and that Plaintiffs' failure to file an amended complaint in *Dolar Shop I* had merely been an oversight. In light of counsel's representations, the Court directed the parties to meet and confer regarding this issue. (*See id.*)

The parties again appeared for a status conference on December 13, 2021. (*See* 16-CV-1953, Dec. 13, 2021 ECF Min. Entry & Order.) Counsel from Troy Law indicated that Defendants had not consented to an amendment of the complaint in *Dolar Shop I* and that, therefore, "they intend[ed] to move to amend." (*Id.*) Accordingly, on January 17, 2022, Plaintiffs filed a pre-motion conference letter regarding their anticipated motion for leave to amend. (*See* 16-CV-1953, Pre-Mot. Conf. Letter, ECF No. 53.) Another status conference was held on February 10, 2022, during which counsel from Troy Law discussed Plaintiffs' anticipated motion, specifically, that Plaintiffs "intend to address

13

Rule 16 concerns . . . in that motion," observing that "[t]he Court had set a schedule for amendment of the complaint," but that "[w]e're now after that schedule." (16-CV-1953, Tr. of Feb. 10, 2022 Hr'g, ECF No. 63, at 14:11–17.) Counsel for the other plaintiffs was also present. (*See* Feb. 10, 2022 ECF Min. Entry & Order.) In response to Troy Law's discussion of the contemplated motion in *Dolar Shop I*, counsel from Hang and Associates indicated that she and counsel from Troy Law would need to discuss whether her clients "should be part of the amended pleading." (*Id.* at 15:11–13.) For their part, Defendants argued that the proposed amendment was "not the amendment that Judge Levy [had] permitted several years ago" and that it should be denied for undue delay. (*Id.* at 16:19–17:5; *see id.* at 20:3–8.)

Judge Kovner subsequently referred the plaintiffs' pre-motion conference request in *Dolar Shop I* to the undersigned. (*See* 16-CV-1953, Pre-Mot. Conf. Letter, ECF No. 53; 16-CV-1953, Feb. 17, 2022 ECF Referral Order.) Two months later, the plaintiffs exclusively represented by Troy Law filed a motion for leave to amend on April 23, 2022. (*See* 16-CV-1953, Mot. to Amend, ECF No. 72.) As before, the plaintiffs asserted that Judge Levy had previously granted leave, but that they had inadvertently filed an amended complaint only in *Dolar Shop II* — claiming also that they had failed to file an amended complaint in *Dolar Shop I* because they had "believ[ed] the matters were consolidated and hence no additional filing was required in" *Dolar Shop I*. (*Id.* at 2–3.) At a conference on April 26, 2022, the Court granted the *Dolar Shop I* plaintiffs' pre-motion conference letter request, denied their subsequently-filed motion for leave to amend as moot without prejudice, and granted a motion to withdraw previously filed by defense counsel. (16-CV-1953, Apr. 26, 2022 ECF Min. Entry & Order.) The Court declined to set a briefing schedule on the motion for leave to amend, pending certain defendants' need to hire new counsel due to their counsel's withdrawal. (*See* 16-CV-1953, Tr. of Apr. 26,

2022 Hr'g, ECF No. 74, at 9:12–14 ("[W]e need to know who counsel is before we can properly set a motion schedule."); *see also* 16-CV-1953, Apr. 26, 2022 ECF Min. Entry & Order.)

At a follow-up conference on May 27, 2022, at the parties' request, the Court referred the case to mediation, which the parties scheduled for September 16, 2022. (*See* 16-CV-1953, May 27, 2022 ECF Min. Entry & Order; 16-CV-1953, May 27, 2022 Referral Order; 16-CV-1953, Pls.' Status Report, ECF No. 78.) Prior to the scheduled mediation, however, Defendants reached a settlement with the plaintiffs represented by Hang and Associates; these plaintiffs were subsequently terminated from this case. (*See* 16-CV-1953, Pls.' Status Report, ECF No. 78; 16-CV-1953, Notice of Acceptance, ECF No. 79; 16-CV-1953, Oct. 7, 2022 ECF Order.) As to the remaining plaintiffs, no settlement was reached at mediation. (*See* 16-CV-1953, Pls.' Status Report, ECF No. 78.) At a status conference on October 25, 2022, the Court set a briefing schedule for the *Dolar Shop I* plaintiffs' motion for leave to amend. (*See* 16-CV-1953, Oct. 25, 2022 ECF Min. Entry & Order.)

The parties filed the fully briefed motion on December 19, 2022, which the Court recommended denying in its entirety due to undue delay, futility, and undue prejudice. (16-CV-1953, ECF Nos. 84–89 (motion for leave and related filings); 16-CV-1953, R. & R., ECF No. 100.) No party filed any objections to the report and recommendation and Judge Kovner adopted it, denying Plaintiffs leave to amend in *Dolar Shop I.* (16-CV-1953, Aug. 18, 2023 ECF Order Adopting R & R.)

**V. Procedural History Pertaining to the Class Certification Motion**[5]

Like the motion to amend, the history of Plaintiffs' efforts to move for class certification in these cases is lengthy and somewhat tortured. Defendants have argued that Plaintiffs had represented for years that they did not intend to so move, and that the present motion is untimely and prejudicial.

Defendants' argument regarding Plaintiffs' prior representations that they did not intend to move for class certification is supported by the record, but only in part. In the parties' October 19, 2016 status report, filed in response to an order from Judge Levy, the parties indicated that Defendants had consented to provisional certification of this matter as a collective action, and that "Plaintiffs from both matters intended to consolidate the matters for collective action purpose only at this juncture." (Oct. 19, 2016 Status Report, ECF No. 27, at 1 (emphasis omitted).) Plaintiffs further indicated that they were "no longer seek[ing] to pursue their respective action[s] as class action[s]." (*Id.*) As far as the Court is aware, the next mention of class certification in the record was in Plaintiffs' pre-motion conference letter, filed on September 21, 2017. (Sept. 21, 2017 Pre-Mot. Conf. Letter, ECF No. 33 (requesting a pre-motion conference to discuss an anticipated motion for class certification).) Plaintiffs' request for a pre-motion conference was initially terminated by Judge Levy, who instructed Plaintiffs to direct their request to Judge Donnelly. (Oct. 3, 2017 ECF Order.) Accordingly, Plaintiffs re-filed their pre-motion conference letter on October 4, 2017, which Judge Donnelly then referred to Judge Levy. (Oct. 4, 2017 Pre-Mot. Conf. Letter, ECF No. 34; Oct. 5, 2017 ECF Referral Order.) Despite Plaintiffs' prior indication in October 2016 that they were no

---

[5] Unless otherwise indicated, the Court primarily cites to the record of the 16-CV-2474 action in this section, at times with reference to the document name only. Plaintiffs have filed the same motion for class certification in both actions. (*See* 16-CV-1953, ECF Nos. 102–04; 16-CV-2474, ECF Nos. 124–26 (notice of motion, declaration in support, memorandum of law).)

longer seeking to litigate this case as a class action, they argued in their pre-motion conference letter that class certification should be granted with respect to their NYLL claims. (Oct. 4, 2017 Pre-Mot. Conf. Letter, ECF No. 34.)

Judge Levy held a pre-motion conference on October 6, 2017. (Oct. 6, 2017 ECF Min. Entry.) Per the recording of that conference, the parties indicated that additional discovery relevant to class certification would be required before they could meaningfully brief Plaintiffs' anticipated motion for class certification. Accordingly, Judge Levy's minute entry provides as follows: "Discussion of proposed motions with an eye toward resolution of possible Rule 23 issues identified at this conference. Counsel will complete class certification discovery by [November 17, 2017] and advise at the next conference . . . whether defendants will oppose the motions." (Oct. 6, 2017 ECF Min. Entry.)

From there, the trail goes somewhat cold. It appears, however, that three additional status conferences were held by Judge Levy over the next several months — on November 21, 2017, January 5, 2018, and February 12, 2018 — and that the parties received several extensions of time to complete discovery related to class certification.[6] (Nov. 21, 2017 ECF Min. Entry; Jan. 5, 2018 ECF Min. Entry; Feb. 12, 2018 ECF Min. Entry.) The minute entry for the last of these conferences indicates that class discovery was to have been completed by February 27, 2018, and that the parties were referred to mediation, to be completed by May 13, 2018. (Feb. 12, 2018 ECF Min. Entry; Feb. 12, 2018 ECF Referral Order.)

The parties' deadline to complete mediation was extended several times, and eventually, Plaintiffs filed a post-mediation status report on October 1, 2018, indicating

---

[6] Unfortunately, the Court has been unable to locate recordings for these three status conferences.

that the mediation took place on September 13, 2018, but that no settlement was reached. (Pls.' Post-Mediation Status Report, ECF No. 45.) Plaintiffs' report also states: "Defense Counsel failed to come up with any amount for settlement and also denied to ever consent to settle with Class Action." (*Id.*) Accordingly, Plaintiffs indicated their intent "to proceed with the [d]epositions of the Defendants and move" for class certification. (*Id.*) Judge Levy then held a status conference on October 22, 2018. (Oct. 22, 2018 ECF Min. Entry.) Although the minute entry for the conference mentions Plaintiffs' intention to amend their complaint in order to add an additional defendant, and extends the discovery deadline, there is no mention of Plaintiffs' request to move for class certification. (*See* Oct. 22, 2018 ECF Min. Entry.)

At this point, the trail again goes cold. As far as the Court can tell, the next mention of class certification appears in Plaintiffs' July 3, 2021 motion for an extension of time to complete discovery. (Pls.' Mot. for Extension of Time, ECF No. 91.) Specifically, in addition to their request for an extension of time, Plaintiffs' motion provides as follows: "Plaintiffs request to extend the time to move for motion for class certification be set for 30 days after the completion of discovery in this matter." (*Id.*) On July 14, 2021, Judge Levy granted an extension of time to complete discovery; the Order does not address class certification. (July 14, 2021 ECF Order.)

This case was then reassigned to the undersigned magistrate judge on July 20, 2021. (July 20, 2021 ECF Reassignment Order.) The Court held additional status conferences on October 13, 2021, and December 13, 2021. (Oct. 13, 2021 ECF Min. Entry & Order; Dec. 13, 2021 ECF Min. Entry & Order.) Neither the minute entries for these conferences, nor the Court's own notes, indicate that class certification was discussed. (*See* Oct. 13, 2021 ECF Min. Entry & Order; Dec. 13, 2021 ECF Min. Entry & Order.) As far as the Court can tell, the first mention of class certification following reassignment

18

from Judge Levy appears in Plaintiffs' February 9, 2022 pre-motion conference letter, wherein Plaintiffs again indicated their intention to move for class certification. (Pls.' Pre-Mot. Conference Letter, ECF No. 100.)

The parties appeared for a status conference on February 10, 2022, during which Defendants raised concerns regarding the timeliness of any motion for class certification. (Feb. 10, 2022 ECF Min. Entry & Order; *see also* Tr. of Feb. 10, 2022 Status Conference, ECF No. 103, at 17:17–19.) Defendants also brought to the Court's attention the parties' October 19, 2016 status report, in which Plaintiffs initially stated that they no longer sought to pursue this case as a class action. (*See* Tr. of Feb. 10, 2022 Status Conference, ECF No. 103, at 23:1–16.) Defendants then filed a response to Plaintiffs' pre-motion conference letter, and Judge Kovner referred the matter to the undersigned magistrate judge on February 17, 2022. (*See* Defs.' Opp'n, ECF No. 101; Feb. 17, 2022 ECF Referral Order.)

The parties then appeared for a motion conference on April 26, 2022. (Apr. 26, 2022 ECF Min. Entry & Order.) During the motion conference, the Court inquired as to whether Plaintiffs' intended motion was proper given the timing and in light of the fact that Plaintiffs' counsel had "indicated to the [D]efendants many years ago that [Plaintiffs] were not pursuing a class action." (Tr. of Apr. 26, 2022 Mot. Hr'g, ECF No. 110, at 10:23–11:4.) Plaintiffs' counsel indicated that "more information" had come out during discovery and suggested that Plaintiffs' prior representation that they would not be seeking class certification may have been made in light of the parties' settlement efforts at the time. (*Id.* at 11:5–11; 12:9–12.) Due to these concerns, the Court scheduled a follow-up conference and directed the parties to be prepared to discuss "the question of whether Plaintiffs should be permitted to file a class certification motion in light of the

age of this case, and a possible briefing schedule [for Plaintiffs' motion], if needed." (Apr. 26, 2022 ECF Min. Entry & Order.)

The follow-up conference was held on May 27, 2022. The minute entry states that, "if the Plaintiffs intend to file . . . a Rule 23 class certification motion, they are directed to file the appropriate pre-motion conference letters in accordance with" Judge Kovner's individual rules. (May 27, 2022 ECF Min. Entry & Order.) The Court also referred the parties to mediation at their request; again, however, the parties were unable to reach a resolution. (*Id.*; May 27, 2022 Referral Order.) Accordingly, during another status conference on October 25, 2022, the Court directed the parties "to submit briefing regarding . . . whether Plaintiffs should be permitted leave to file a Rule 23 class certification motion at this juncture . . . in light of the age of this case and whether such a motion is precluded by judicial estoppel in light of Plaintiffs' counsel's prior representation that they did not intend to so move." (Oct. 25, 2022 ECF Min. Entry & Order.) Judge Kovner subsequently referred the Plaintiffs' motion for leave to file an amended complaint and class certification motion to the undersigned magistrate judge, as noted above. (Nov. 17, 2022 ECF Referral Order.)

In December 2022, Plaintiffs filed a motion for leave to file their class certification motion in both *Dolar Shop I* and *Dolar Shop II*. (*See* 16-CV-1953, Nos. 90–96; 16-CV-2474, Nos. 114–20 (motion for leave and related filings).) The Court held a motion hearing on July 24, 2023, at which the Court took the motion to amend the complaint in 16-CV-1953 under advisement, and granted Plaintiffs' motion for leave to seek class certification. (16-CV-1953, July 24, 2023 ECF Min. Entry & Order; 16-CV-2474, July 24, 2023 ECF Min. Entry & Order.)

At the July 24, 2023 oral argument, the Court observed that, as a general rule, class certification should be determined at an early practicable time after a suit is

20

initiated. (*See* Tr. of July 24, 2023 Mot. Hr'g at 46 (hereinafter "July 24 Tr." and filed in both cases at 16-CV-1953, ECF No. 99 and 16-CV-2474, ECF No. 122) (citing Fed. R. Civ. P. 23(c); *Siskind v. Sperry Ret. Program, Unysis*, 47 F.3d 498, 503 (2d Cir. 1995)).) The Court further observed that although timing alone may not be sufficient to warrant denial of an opportunity to seek class certification, delay must be evaluated in light of the circumstances of the case, taking into account "'whether the late timing of the determination may cause prejudice or unduly complicate the case.'" (July 24 Tr. at 47:8–16 (quoting Wright & Miller, Fed. Prac. & Proc. § 1785.3 (3d ed. 2023)).) The Court also observed that, in the context of the lengthy procedural history of the cases, the appropriate period to evaluate timeliness would be based on the interval "between when [P]laintiff[s] filed suit and Plaintiff[s'] February 9, 2022 pre-motion conference letter," when they made plain their intention to seek class certification. (July 24 Tr. at 48:9–11.)

In addition, the Court evaluated Defendants' arguments that motion for leave to file the class certification motion should be denied both on timeliness grounds and on the merits. (*See generally id.* at 48–50.) The Court noted, however, that in this case, Plaintiffs had not yet had a full opportunity to file and brief the class certification motion and therefore, the Court was "reluctant to preclude plaintiff of that opportunity based exclusively on the timeliness of their anticipated motion." (*Id.* at 49:21–23.) As a result, the Court ultimately granted leave to file the motion, but stated several concerns on the record, including timing and questions about counsel's ability to adequately represent the class in light of the history of this case and various other cases that have

made findings against Troy Law in the context of class certification motions. (*See id.* at 48–53.)[7] Specifically, the Court made the following observations:

> At this point, given counsel's performance in this litigation, including the lateness of this request and Plaintiffs' counsel's claim in the [16-CV-]1953 action that they forgot to file an amended complaint, which was stated more than once at prior proceedings, the Court has serious and well documented questions as to whether Plaintiffs' counsel can adequately represent the interests of the class.

> In addition, as noted in a prior conference of this case, other courts presiding over similar cases have already reached the conclusion that the Troy Law Firm is inadequate to represent a class. To date, the Court is aware of at least four cases, including the one submitted by Defendants as supplemental authority, *Cheng Xia Wang v. Shun Lee Palace Restaurant* published last March, where certification was denied based on Troy Law's inability to adequately represent a class.

> However, adequacy of representation is a merits issue and the Court declines to reach it without a formal motion filed.

> The Court, however, would like to caution Plaintiffs' counsel and respectfully remined Plaintiffs' counsel of the sanctions provision of 28 U.S.C. Section 1927. Section 1927 of course provides, and I quote, "Any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Under that law, in the event that the anticipated class certification [motion] is filed, subsequently denied, and determined to have been filed vexatiously or in bad faith, counsel risks an award of costs, expenses, and attorneys' fees to Defendants to be paid personally . . . .

---

[7] *See, e.g., Wang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-840 (VSB), 2023 WL 2734328, at \*6 (S.D.N.Y. Mar. 31, 2023) (rejecting motion for class certification and observing that Troy Law did not demonstrate their adequacy to proceed as counsel where the case had been pending for close to five years, and was "significantly delayed due to Troy Law's conduct and dilatory litigation tactics"); *Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18-CV-7342 (JGK), 2022 WL 596831, at \*17 (S.D.N.Y. Feb. 25, 2022) (denying class certification requested "more than three years after [Troy Law] filed this action, four months after fact discovery closed (and after the defendants had the opportunity to take class discovery), and after the deadline for filing dispositive motions"); *Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-802 (GBD) (GWG), 2021 WL 2282642, at \*3–7 (S.D.N.Y. June 4, 2021) (denying class certification finding that Troy Law would not serve as adequate counsel; collecting cases), *report and recommendation adopted sub nom., Chen v. A Taste of Mao, Inc.*, 2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021); *Luo v. Panarium Kissena, Inc.*, No. 15-CV-3642 (WFK) (ST), 2020 WL 9456895, at \*6 (E.D.N.Y. Sept. 16, 2020) (denying class certification where the plaintiffs, who were likewise represented by Troy Law, requested certification "nearly five years after the Complaint was filed and almost one year after the close of discovery"), *report and recommendation adopted*, 2021 WL 1259621 (E.D.N.Y. Apr. 6, 2021).

. . . .

Given the timing of Plaintiffs' anticipated motion, the growing consensus among courts in this circuit as to counsel's inability to provide adequate representation in class actions and Plaintiffs' counsels' documented mistakes as counsel in the companion cases already filed in this very litigation, the Court struggles to see how Plaintiffs' contemplated motion would not be deemed frivolous if ultimately denied for reasons previously identified by counsel and the Court.

(July 24 Tr. at 53:6–55:5 (capitalization, pluralization, and punctuation modified).)

On August 30, 2023, Plaintiffs filed a motion for class certification in both cases. The motion should be denied.

## ANALYSIS

Plaintiffs seek preliminary class certification under Rule 23 for claims brought under the NYLL for the following class: "All nonexempt staff who were employed or are currently employed by Defendants during the six years immediately preceding the initiation of this action, or April 20, 2010, up to the date of the decision on this motion."[8] (16-CV-2474, Mem. of Law, ECF No. 126, at 2.) Plaintiffs' further request (1) designation of various individuals as plaintiffs and Plaintiff Hai Hong Han as class representative; (2) approval and distribution of class notices; and (3) appointment of Troy Law and its attorneys John Troy, Aaron Schweitzer, and Tiffany Troy as class counsel. (*Id.* at 3, 14–15, 21.) In support of the motion, Plaintiffs argue that their proposed class meets the Rule 23(a) prerequisites and that they have established predominance and superiority

---

[8] Although this is the description included in Plaintiffs' motion for class certification, the declaration by John Troy, Plaintiffs' lead counsel, states that "Plaintiffs seeking to be class representatives are former non-exempt Waiters and Kitchen Staff members at Dolar Shop Restaurant located at 36-36 Prince Street, Flushing, NY 11354." (16-CV-2474, Troy Decl., ECF No. 125, ¶¶ 3, 6.) The dates the proposed class representatives worked range from mid-October 2015 through July 2018. (*Id.* ¶¶ 7–21.)

under Rule 23(b)(3). (*Id.* at 5–6, 15–16.) They further argue that the proposed plaintiffs

will adequately represent the interests of the class and that "Plaintiffs' counsel has

significant experience in complex litigation as well as collective actions pursuant to the

FLSA and NYLL." (*Id.* at 14.) Plaintiffs also contend that they brought their class

certification motion "at the earliest practicable time."[9]

In support of their motion, Plaintiffs have submitted a declaration from attorney

John Troy and a number of exhibits, including the deposition of Defendant Ying Nan

Qi, affidavits from employees of the Dolar Shop, some additional documents regarding

the employees identified during discovery, and documents filed in a case in New Jersey

alleging similar claims at a different Dolar Shop location, which is purportedly

connected to Defendants. (*See* 16-CV-2474, Troy Decl. & Supporting Exs., ECF Nos. 125

to 125-16.) Defendants vigorously oppose Plaintiffs' motion. (*See generally* 16-CV-2474,

Mem. in Opp'n, ECF No. 129.) For the reasons discussed below, the Court respectfully

recommends denying Plaintiffs' motion for class certification.

## I.  Legal Standards: Class Certification

As the Second Circuit recently observed, Plaintiffs seeking class certification

> must demonstrate that "(1) the class is so numerous that joinder of all
> members is impracticable; (2) there are questions of law or fact common to
> the class; (3) the claims or defenses of the representative parties are typical

---

[9] The Court observes that, in reciting the procedural history marshaled in support of the argument that the motion is timely, Plaintiffs' counsel claims, yet again, that "Judge Levy granted Plaintiffs leave to amend their Complaints in *Dolar Shop 1* and *Dolar Shop 2*." (16-CV-2474, Mem. of Law, ECF No. 126, at 19.) As detailed above and in the Court's prior report and recommendation on the motion to amend, this contention is not supported by the procedural history of the two cases and is, arguably, a misrepresentation of the record. (*See generally* 16-CV-1953, R. & R., ECF No. 100.) Notwithstanding that many of the docket entries across the cases are identical, as detailed above and in the Court's prior opinion, in 2019, *Plaintiffs never filed a proposed amended complaint captioned with docket number 16-CV-1953 and did not file an amended complaint in Dolar Shop I.* Counsel's repeated insistence on this narrative regarding the amended complaint and refusal to take responsibility for the procedural history of the *Dolar Shop I* case underscores the Court's recommendation that Troy Law is not adequately prepared to effectively represent the interests of the proposed class in this case as discussed below.

of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

*Elisa W. v. City of New York*, 82 F.4th 115, 122 (2d Cir. 2023) (quoting Fed. R. Civ. P. 23(a)). In this circuit, plaintiffs must also satisfy "the implied requirement of ascertainability." *In re Payment Card Interchange Fee & Merch. Dis. Antitrust Litig.*, 330 F.R.D. 11, 50 (E.D.N.Y. 2019) (hereinafter "*In re Payment Card*") (citing *In re Petrobras Secs.*, 862 F.3d 250, 266 (2d Cir. 2017)).

Once those prerequisites are met, where a plaintiff moves to certify a class under Rule 23(b)(3), the plaintiff "must also establish that 'the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013) (quoting Fed. R. Civ. P. 23(b)(3)). "The party seeking class certification bears the burden of establishing" compliance with Rule 23 "by a preponderance of the evidence." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015).

## II.  Discussion

Here, Plaintiffs have not established all of the prerequisites for class certification under Rule 23(a) as they cannot demonstrate adequacy of representation. Moreover, the Court finds that granting the motion would cause significant additional delay, which would result in substantial prejudice to Defendants. Accordingly, the Court respectfully recommends denying Plaintiffs' motion in its entirety.

## A. Rule 23(a) Prerequisites

### 1. *Numerosity*

As a general rule, "numerosity is presumed at a level of 40 members." *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Plaintiffs have averred that "[u]pon information and belief, there are around 40 employees at Dolar Shop," based on the testimony of Defendant Ying Nan Qi. (Troy Decl., ¶ 24 (citing Qi Dep. at 30:21).) From there, Plaintiffs postulate that "there are an estimated 50 to 60 persons" in the potential class in light of the length of the relevant time period and turnover rate for food service employees. (*Id.* ¶ 25.) Plaintiffs have also submitted a series of detailed affidavits from individuals who worked at the Dolar Shop, which offer details regarding their experiences working for Defendants and the experiences of their fellow employees. (*See generally* Employee Affs., ECF Nos. 125-3 to 125-12.) Altogether, the number of individuals identified by the affiants and during discovery appears to be over 40, as summarized in a chart submitted by Plaintiffs in support of the motion.[10] (*See* 16-CV-2474, Summ. of Coworkers' Hour & Pay Info., ECF No. 125-13; Employee Name List, ECF No. 125-14.) Based on the information submitted in support of the motion, Plaintiffs have demonstrated by a preponderance of the evidence that the proposed class is likely in excess of 40 people, satisfying the numerosity prerequisite.

---

[10] The Court also notes that, insofar as the class could be defined as non-managerial workers at the Dolar Shop Restaurant in Queens during a specified period of time, a class could likely be crafted here that would also satisfy the implied requirement of ascertainability. *See In re Payment Card*, 330 F.R.D. at 50. "A wage-and-hour class is sufficiently ascertainable where, as here, it is 'defined by objective criteria: the period in which the employees worked for defendants and the names, titles, and nature of work of the NYLL class members.'" *Leong v. Laundry Depot, LLC*, No. 19-CV-3545 (HG) (PK), 2023 WL 6226415, at *3 (E.D.N.Y. Sept. 26, 2023) (quoting *Porter v. MooreGroup Corp.*, No. 17-CV-7405 (KAM) (VMS), 2021 WL 3524159, at *9 (E.D.N.Y. Aug. 11, 2021)).

2. *Commonality & Typicality*

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" not "merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "In other words, the relevant inquiry is whether a classwide proceeding is capable of 'generat[ing] common *answers* apt to drive the resolution of the litigation.'" *Jacob v. Duane Reade, Inc.*, 602 F. App'x 3, 6 (2d Cir. 2015) (alteration and emphasis in original) (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350); *see also Elisa W.*, 82 F.4th at 123. Relatedly, "the typicality requirement[] is satisfied by a showing that 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 80 (S.D.N.Y. 2018) (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009)). It "is usually met" where "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir. 1993). In the context of wage and hour cases specifically, "the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 69 (S.D.N.Y. 2018) (quotation marks omitted).

Here, Plaintiffs have submitted 10 affidavits from Dolar Shop employees in support of the class certification motion; these affidavits allege a number of common unfair pay practices at the Dolar Shop in Queens, including that the employees generally (a) worked over 40 hours per week; (b) were at times paid a flat rate and/or paid less than the minimum wage (which appears to have varied since some of the employees also received tips); (c) were not informed about their hourly pay rates, any

tip deductions, or overtime pay rates; (d) did not receive time of hire notices and weekly pay stubs, as required by New York law; and (e) did not receive spread-of-hours pay under the New York Labor Law for dates on which they worked in excess of 10 hours. (*See, e.g.*, 16-CV-2474, Zhang Aff., ECF No. 125-3 (detailing experience working for the Dolar Shop, and the similar experiences of co-workers); *see also* Employee Affs., ECF Nos. 125-4 to 125-12.) As discussed below, Defendants argue that the Court should reject the affidavits as non-credible. Although these affidavits do create some credibility issues for the affiants as discussed further below, for purposes of the Court's evaluation of whether Plaintiffs have established the Rule 23(a) prerequisites by a preponderance, the Court finds the employee affidavits sufficient to meet Plaintiffs' burden to demonstrate commonality and typicality as to a subset of the proposed class Plaintiffs seek to certify. *See generally Elisa W.*, 82 F.4th at 128 ("Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." (quotation marks omitted)).

Although Plaintiffs have established commonality and typicality at a high level, the evidence does not support a finding that these prerequisites are satisfied for the entire class Plaintiffs seek to create, due in part to the very lengthy class period they have proposed. As set forth above, Plaintiffs have moved for certification of a class from April 2010 "up to the date of the decision on this motion." (Troy Decl., ¶ 3.) Altogether, that would be a nearly 14-year class period spanning from April 2010 to early 2024. As discussed *supra* note 8, however, the evidence submitted in support of the motion establishes that the proposed plaintiffs and class representative worked for the Dolar Shop from no earlier than mid-October 2015 through no later than July 2018. (*See id.*

¶¶ 6–21; *see also* Employee Affs., ECF Nos. 125-3 to 125-12.) The Court also notes that in his deposition, Defendant Qi testified that, as of the time of his deposition, there was one Dolar Shop location in the United States, and that it started operations in the United States on November 7, 2015.[11] (16-CV-2474, Qi Dep., ECF No. 125-1, at 11–13.) The November 7, 2015 opening date for the restaurant is corroborated by the affidavit of Plaintiff Jianqun Zhang, which stated that Zhang went through training from October 15, 2015 to November 6, 2015, "before the restaurant officially opened on November 07, 2015." (16-CV-2474, Zhang Decl., ECF No. 125-3, ¶ 7.) Based on this evidentiary record, the Court finds that the evidence submitted in support of Plaintiffs' motion does not support the proposed class period of 2010 to the present day. The Court also finds it quite puzzling that counsel would seek to create a class that spans more than 5 years before the Defendants' restaurant was even open. At best, Plaintiffs have established that the proposed plaintiffs and class representative appear to have suffered similar injuries as the class members they seek to represent between October 2015 and July 2018. Although Plaintiffs have pointed to a new lawsuit at a different Dolar Shop-affiliated location in New Jersey, Plaintiffs have not advanced any evidence regarding Defendants' alleged pay practices at the Queens location after 2018 suggesting that the injuries suffered by Plaintiffs in this case stem from a common practice that is still impacting present-day employees of the Dolar Shop location in Queens. (*See* 16-CV-2474, New Jersey Case Docs., ECF Nos. 125-15, 125-16; *see generally* 16-CV-2474, Mem. of Law, ECF No. 104, at 20 (claiming that "irrespective of the location, the pay

---

[11] The Court notes that Defendant Qi identified the address of the location as 133-53 37th Avenue, while Plaintiffs identify the address as 36-36 Prince St. (*Compare* Troy Decl., ECF No. 125, ¶ 6, *with* Qi Dep., ECF No. 125-1, at 11.) The Court takes judicial notice that a Google Maps search indicates that these two addresses appear to be associated with the same building, located on the corner of 37th Avenue and Prince Street in Flushing, New York.

practices/wage violations remained the same over the last few years across Defendants restaurants," but citing no evidence other than the documents related to the New Jersey case).) Accordingly, although Plaintiffs have established commonality and typicality in the general sense, a rigorous review of the record shows that the evidence does not support the entire class Plaintiffs seek to certify.

3.  *Adequacy of Representation*

a.  <u>Class Representatives</u>

On the present record, it does not appear that "class members . . . have interests that are antagonistic to one another" or that the proposed plaintiffs and class representative are not invested in this action. *In re Drexel Burnham Lambert Grp., Inc.* ("*In re Drexel*"), 960 F.2d 285, 291 (2d Cir. 1992) (quotation marks omitted); *see In re Frontier Ins. Grp., Inc. Secs. Litig.*, 172 F.R.D. 31, 47 (E.D.N.Y. 1997) ("Courts that have denied class certification based on the inadequate qualifications of plaintiffs have done so only in flagrant cases, where the putative class representatives display an alarming unfamiliarity with the suit, display an unwillingness to learn about the facts underlying their claims, or are so lacking in credibility that they are likely to harm their case." (quotation marks and citations omitted)). Here, there is no specific information in the record to indicate that the proposed plaintiffs or class representative have a conflict with any other potential class members. But the Court is troubled by the affidavits submitted in support of class certification, which largely parrot one another and include highly-specific details regarding other employees' circumstances, such as the precise hours worked by other employees years ago.

Defendants urge the Court to disregard the affidavits altogether, describing them as "attorney-prepared, cookie-cutter affidavits" that "merely repeat conclusory statements," which, in Defendants' estimation, include demonstrably false information.

(16-CV-2474, Mem. in Opp'n, ECF No. 129, at 3; *see also id*. at 5–6.) Defendants raise additional concerns regarding Plaintiffs' representations as to how the affidavits were created, and argue that it "strains credulity that these affiants had personal knowledge of such things, let alone that they each, separately and independently[,] had the very same detailed recollection of events that occurred many years prior." (*Id*. at 5.)

Although the Court declines to disregard the affidavits altogether, the Court agrees with Defendants that the affidavits are problematic in that they may be utilized to impeach the affiants should they ever testify. Indeed, the affidavits, as a group, create serious questions about whether the affiants' proffered information is based on their independent personal knowledge or whether the witnesses' recollections have been cross-contaminated during discovery and the litigation of this case. Although the Court does not find this concern dispositive as to whether the proposed plaintiffs and class representative would adequately represent the class, it does raise concerns about whether the class will be adequately represented or undermined by the affiants' testimony should there be a trial.

b.  <u>Class Counsel</u>

Federal Rule of Civil Procedure 23(g)(1) requires that "a court that certifies a class must appoint class counsel." In selecting class counsel, Rule 23(g) requires courts to consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition, courts may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Selection of suitable class counsel is of grave importance due to "the *res judicata* effects of class action judgments — inadequate representation by class counsel risks significant prejudice to class members, who potentially lose the chance to seek redress on their claims in the future." *Wang v. Shun Lee Palace Rest.*, No. 17-CV-840 (VSB), 2023 WL 2734328, at *4 (S.D.N.Y. Mar. 31, 2023) (quotation marks omitted). Accordingly, the "Court's duty to ensure that class counsel adequately represents the class is a heavy one." *Id.* In the context of affirming the decertification of a class where Troy Law had been appointed as class counsel, the Second Circuit has observed that under Rule 23(g), "skilled and zealous representation [is] expected of class counsel." *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 263 (2d Cir. 2021).

Against the backdrop of the procedural history of these cases, Plaintiffs have failed to show that Troy Law, including John Troy and the additional counsel included in the motion, is qualified to represent the proposed class. As set forth above, counsel posits that "Plaintiffs' counsel has significant experience in complex litigation as well as collective actions pursuant to the FLSA and NYLL." (16-CV-2474, Mem. of Law, ECF No. 126, at 14.) They also contend that counsel has "diligently investigated, prosecuted, and dedicated substantial resources to the investigation and prosecution of the claims at issue in the lawsuit." (*Id.* at 15.) But the record here tells a very different story.

This case has been pending for almost eight years and it has gone off track many times, as set forth above. Just like another recent case in the Southern District of New York, the case "has been significantly delayed due to Troy Law's conduct and dilatory litigation tactics." *Shun Lee Palace Rest.*, 2023 WL 2734328, at *6. As detailed above, the history of the two cases here is tortured, and overall, demonstrates a lack of diligence by counsel, which has resulted in two "convoluted" dockets that are "replete with incidents where Troy Law's representation of the class falls 'woefully short of the

skilled and zealous representation expected of class counsel under Rule 23(g).'" *Id.* (quoting *Jin*, 990 F.3d at 263). As set forth above, notwithstanding confirmation from Mr. Troy on the record in March 2020 that Plaintiffs did not file an amended complaint in the first-filed action (16-CV-1953), Plaintiffs entirely failed to raise the issue for a year and a half, waiting until October 2021. (16-CV-1953, Oct. 13, 2021 ECF Min. Entry & Order.) Plaintiffs' counsel has also demonstrated a lack of familiarity with the procedural history of this case (or a reckless disregard for the truth), in persisting in the argument that Judge Levy granted them leave to amend in both cases — which argument they continue to press to this day.[12] As detailed above, Troy Law appeared to be unable to keep track of the procedural history of these cases and the litigation over amending the complaint in the 16-CV-1953 case, resulting in substantial confusion and delay. Plaintiffs' counsel also refuses to take responsibility for their failure to timely seek to amend the complaint in the 16-CV-1953 case, insisting that Judge Levy granted them leave to amend notwithstanding the fact that they have never produced a proposed amended complaint from the relevant time frame in the 16-CV-1953 case or any evidence in the record to support that narrative. (*See* 16-CV-2474, Mem. of Law, ECF No. 126, at 19.)

---

[12] It is of course true that Judge Levy posted the same minute entry for both cases, which could potentially cause confusion as to whether he had granted leave to amend in both or just one, as set forth above. But a cursory review of the proposed amended complaint in the 16-CV-2474 case, the original complaint in the 16-CV-1953 case, and the record of Judge Levy's hearing during which he granted the motion to amend make plain that he was considering *one* proposed amended complaint, which comports with counsel having filed it in *one* case — 16-CV-2474. Plaintiffs' counsel's efforts to reinvent the procedural history here, in an apparent effort to gain a litigation advantage notwithstanding the record, and their refusal to accept responsibility for their failures in connection with the efforts to amend the pleadings do not demonstrate the level of skill, candor, and zealous advocacy that courts must demand of class counsel under Rule 23.

The Court also takes note of the many cases in which Troy Law's performance has found to be lacking, which collectively demonstrate a troubling pattern of "Troy Law's 'tendency towards prejudicial neglect of its clients' interests,'" causing other judges in our circuit to decline to certify a class represented by the firm. *Shun Lee Palace Rest.*, 2023 WL 2734328, at *7 (quoting *Rodpracha v. Pongsri Thai Rest. Corp.*, No. 14-CV-2451 (DF), 2021 WL 1733515, at *2 (S.D.N.Y. Mar. 22, 2021)); *see also Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-802 (GBD) (GWG), 2021 WL 2282642, at *3–7 (S.D.N.Y. June 4, 2021) (collecting cases), *report and recommendation adopted sub nom.*, *Chen v. A Taste of Mao, Inc.*, 2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021).

"Competent representation by class counsel is crucial to the prosecution of a class action." *Jin*, 990 F.3d at 262. Just as in *Chen*, while Troy Law's performance in this case has been "not as abysmal as some of the conduct described in other cases, counsel's conduct in the instant case gives us no reason to believe that counsel can be trusted with the grave responsibility of representing a class." *Chen*, 2021 WL 2282642, at *7.

## B. Timing Considerations and Prejudice

The timing of the class certification motion further demonstrates counsel's dilatory approach to prosecuting these cases and also constitutes an independent basis warranting denial of the motion.

The Second Circuit has observed that "class certification is to be decided 'at an early practicable time' after the commencement of a suit." *Jones v. Ford Motor Credit Co.*, 358 F.3d 215, 215 (2d Cir. 2004) (quoting Fed. R. Civ. P. 23(c)(1)). "The reason for this rule is plain: fundamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages." *Siskind*, 47 F.3d at 503.

The class certification motion here was finally filed in August 2023, more than seven years after this case was initiated. Some of the delays were due to ordinary litigation timing, such as a reasonable period of time for relevant discovery, but a significant amount of the delay in filing the motion has not been credibly explained by Plaintiffs' counsel. Notwithstanding the case background detailed above, Plaintiffs assert in their memorandum of law that they brought the instant class certification motion at the earliest practicable time. (16-CV-2474, Mem. of Law, ECF No. 126, at 18.) In support of that assertion, Plaintiffs detail the procedural history indicating that they first raised the question of class certification in 2017, after which they took class discovery until January 31, 2019. (*Id.* at 19.) From there, Plaintiffs attempt to attribute additional delay in seeking class certification to the motions to dismiss filed by Defendants Gi Li and Shanghai Shenzhuang, some additional discovery, withdrawal of defense counsel, and efforts at mediation. (*Id.* at 20.) In response, Defendants argue that Plaintiffs' motion is untimely and that granting it would cause them substantial prejudice. (16-CV-2474, Mem. in Opp'n, ECF No. 129, at 19–23.) Defendants point out that class certification-related discovery closed on January 31, 2019, and that "Plaintiffs do not seriously argue that they have any reasonable basis for delaying since January 2019 to file this Motion." (*Id.* at 20.)

As the Court observed at the July 24, 2023 oral argument regarding whether to grant Plaintiffs leave to file the motion for class certification, the appropriate period to consider in evaluating the timeliness of this motion is the time "between when Plaintiffs filed suit and Plaintiffs' February 9, 2022 pre-motion conference letter," when it became clear that they intended to seek class certification. (July 24 Tr. at 48:9–11 (capitalization and punctuation modified).) Giving Plaintiffs the benefit of the doubt as to the time period from April 2016, when this suit was filed, to January 31, 2019, when class

discovery ended, there is an unexplained three-year gap from January 31, 2019 to February 9, 2022. Perhaps other matters were proceeding in the cases, but there is no evidence to suggest that these other case activities in some way precluded Plaintiffs from seeking class certification.

Under these circumstances, "Plaintiff[s'] motion for class certification is 'not merely untimely but prejudicially so.'" *Luo v. Panarium Kissena Inc.*, No. 15-CV-3642 (WFK) (ST), 2020 WL 9456895, at *6 (E.D.N.Y. Sept. 16, 2020) (quoting *Cruz v. Coach Stores, Inc.*, No. 96-CV-8099, 1998 WL 812045, at *3 (S.D.N.Y. Nov. 18, 1998)), *report and recommendation adopted*, 2021 WL 1259621 (E.D.N.Y. Apr. 6, 2021). In *Luo*, the court found that Troy Law's delay in filing its class certification motion "nearly five years after the Complaint was filed and almost one year after the close of discovery" would cause substantial prejudice to the defendants, in part because "granting certification now would reset the discovery clock, which guarantees inordinate delay of the pretrial process and prejudice to Defendants." *Luo*, 2020 WL 9456895, at *6 (quotation marks omitted). Similarly, in *Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18-CV-7342 (JGK), 2022 WL 596831, at *17 (S.D.N.Y. Feb. 25, 2022), the court held that Troy Law's motion "for class certification is untimely because it comes more than three years after they filed this action, [and] four months after fact discovery closed (and after the defendants had the opportunity to take class discovery)."

The delay in this case is far more egregious than that in *Tecocoatzi-Ortiz* or *Luo*. Here, Plaintiffs seek to certify a class spanning a 14-year class period more than seven years into the litigation, with a three-year delay between the close of class discovery and a clear indication of Plaintiffs' intent to seek class certification. The timing of Plaintiffs' motion "prejudices the defendants and 'undermine[s] the efficiency of the judicial process.'" *Id.* (quoting *Kapiti v. Kelly*, No. 07-CV-3782, 2008 WL 3874310, at *4 (S.D.N.Y.

Aug. 18, 2008)). Just as in *Luo*, granting the motion would require the Court to reopen discovery, causing further delay and substantial prejudice to Defendants. Given the age of these cases and how long ago Plaintiffs worked at the Dolar Shop in Queens, the Court also questions whether additional delay would be in the Plaintiffs interests as well. For all of these reasons, the Court respectfully recommends that the motion be denied.

## CONCLUSION

For the reasons discussed above, the Court finds that Plaintiffs have failed to demonstrate adequacy of representation, a prerequisite to any motion to certify a class action. In addition, Plaintiffs' motion for class certification comes far too late in the litigation. Granting the motion would cause additional delay and substantial prejudice to Defendants in these cases, which are already almost eight years old. For these reasons, the Court respectfully recommends that Plaintiffs' motion for class certification be denied in its entirety.[13]

*    *    *    *    *

Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Rachel P. Kovner, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate

---

[13] The Court also notes that Defendants request that the Court consider sanctions in light of Plaintiffs' filing of this motion and in consideration of the Court's admonition to counsel on July 24, 2023, that pressing a meritless motion could be found to unreasonably and vexatiously multiply the proceedings. (16-CV-2474, Mem. in Opp'n, ECF No. 129, at 29 n.9; July 24 Tr. at 54:1–19.) The Court respectfully recommends to Judge Kovner that she consider the imposition of sanctions on counsel personally under 28 U.S.C. § 1927 given the procedural history of this case, and the Court's clear admonition that Plaintiffs' anticipated motion may be deemed frivolous if it is ultimately denied for reasons previously identified by counsel and the Court. (July 24 Tr. at 54:15–21.)

courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[ judge's] decision" (quotation marks omitted)).

       **SO ORDERED.**

Dated: Brooklyn, New York
       February 9, 2024

                              *Taryn A. Merkl*
                             TARYN A. MERKL
                             UNITED STATES MAGISTRATE JUDGE