UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GANG LI, JIA ZHEN JING, JIN WANG,
DONG BIN LI, MEI FANG YAO, SHAN
ZHI SUN, and HAI HONG HAN,

               Plaintiffs,

          v.

THE DOLAR SHOP RESTAURANT
GROUP LLC, KEN CHEUNG, SUZIE
CHEUNG, and JOHN and JANE DOE 1
THROUGH 10,

               Defendants.

**MEMORANDUM AND ORDER**
16-CV-1953 (RPK) (TAM)

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiffs Jia Zhen Jing, Dong Bin Li, Mei Fang Yao, Shan Zhi Sun, and Hai Hong Han—employees of a Chinese hot-pot restaurant owned and operated by defendants—brought eight claims in their complaint. Following discovery, defendant The Dolar Shop Restaurant Group LLC ("The Dolar Shop") moved for summary judgment on three of those claims, which allege failure to provide wage notices and wage statements in violation of Sections 195(1) and 195(3) of the New York Labor Law ("NYLL"), *see* Compl. ¶¶ 114–19 (Dkt. #1) (Count VI); and employment discrimination claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), respectively, *see id.* ¶¶ 120–29 (Counts VII and VIII). The remaining claims—for failure to pay minimum, overtime, and spread-of-hours wages in violation of the Fair Labor Standards Act ("FLSA") and the NYLL—are not at issue. For the reasons stated below, the motion is granted. Plaintiffs are also ordered to show cause why summary judgment should not be granted to the remaining defendants on the three claims at issue.

1

### 1. NYSHRL and NYCHRL Discrimination Claims

The Dolar Shop's motion for summary judgment on plaintiffs' NYSHRL and NYCHRL employment discrimination claims is granted. In response to the Dolar Shop's argument that plaintiffs failed to identify any evidence supporting their allegations, *see* Def.'s Mem. of L. in Supp. of Mot. ("Def.'s Mot.") 3–4 (Dkt. #119), plaintiffs indicate that they "do not oppose summary judgment" on these claims, Pls.' Mem. of L. in Opp'n to Mot. ("Pls.' Opp'n") 4 (Dkt. #120) (capitalization normalized). Accordingly, The Dolar Shop's motion for summary judgment on plaintiffs' NYSHRL and NYCHRL employment discrimination claims is granted. *See Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) (noting that plaintiffs "are always free to abandon" certain pleaded claims in "a response to a motion for summary judgment").

### 2. NYLL Wage-Notice and Wage-Statement Claims

The Dolar Shop has also moved for summary judgment on plaintiffs' NYLL wage-notice and wage-statement claims on the grounds that plaintiffs lack standing because they failed to allege any actual injury stemming from defendants' failure to provide them with compliant wage notices and statements. *See* Def.'s Mot. 2–3. This motion is also granted.

The federal judicial power is limited to the adjudication of "Cases" and "Controversies." U.S. Const. art. III, § 2. "'Under Article III, a case or controversy can exist only if a plaintiff has standing to sue,' meaning a personal stake in the outcome of the litigation." *Soule v. Conn. Ass'n of Schs., Inc.*, 90 F.4th 34, 45 (2d Cir. 2023) (en banc) (quoting *United States v. Texas*, 599 U.S. 670, 675 (2023)). Standing does not exist in every case in which "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Instead, to establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury

2

was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). A "concrete" harm is one that "has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *Id.* at 417 (quoting *Spokeo*, 578 U.S. at 340–41). Applying these standards to NYLL wage-notice and wage-statement claims, the Second Circuit has explained that "a plaintiff cannot rely on technical violations of the Labor Law" to establish standing. *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024) (quotation marks and citation omitted). A plaintiff may establish standing, however, by establishing "some causal connection between the lack of accurate notices and [a] downstream harm." *Id.* at 308.

Plaintiffs' complaint alleges only that plaintiffs were not provided with wage notices and statements and that, as a result, plaintiffs suffered "irreparable harm." *See* Compl. ¶¶ 114–19. This conclusory allegation of unspecified harm fails to plausibly allege that plaintiffs suffered an actual injury, let alone a causal connection between that injury and defendants' failure to provide accurate notices. *See, e.g.*, *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 238–39 (E.D.N.Y. 2024) (dismissing NYLL wage notice and wage statement claims where plaintiff "merely alleges that Defendants failed to comply with these statutory mandates" without "alleg[ing] facts linking any legally cognizable injury" to that violation); *Jaramillo v. Latino Regal Corp.*, No. 19-CV-3104 (HG) (CLP), 2024 WL 4648135, at *8–9 (E.D.N.Y. Sept. 4, 2024) (same); *Nicholas v. Franklin Finest Deli Corp.*, No. 23-CV-7878 (MKB) (MMH), 2025 WL 1218477, at *4 n.3 (E.D.N.Y. Apr. 28, 2025) (same).

Plaintiffs' attempts to supplement these allegations after the close of discovery come too late. In response to The Dolar Shop's motion for summary judgment, two of the plaintiffs have

3

supplied supplemental affidavits, which they urge the Court to consider. Mei Fang Yao and Dong Bin Li aver that, during their employment at The Dolar Shop, they were never given wage statements and notices, and thus never were never told what the basis of their pay was, that they were entitled to overtime for any hours above forty worked in a work week, or that they were entitled to spread-of-hours pay for any work day exceeding ten hours. *See* Aff. of Mei Fang Yao ¶¶ 16–19 (Dkt. #120-2); Aff. of Dong Bin Li ¶¶ 5–6, 33–35, 38 (Dkt. #120-3). Had they been provided these disclosures, plaintiffs aver that "instead of acquiescing in [their] employers' paying [them] a flat monthly salary that didn't include pay for overtime hours or spread of hours days," they "would have tried to get [their] employers to give [them] correct wages." Aff. of Mei Fang Yao ¶ 20; Aff. of Dong Bin Li ¶ 39.

But this theory of liability was not raised in plaintiffs' earlier pleadings, and "courts generally do not consider . . . completely new theories of liability asserted for the first time in opposition to summary judgment." *Casseus v. Verizon N.Y., Inc.*, 722 F. Supp. 2d 326, 344 (E.D.N.Y. 2010) (citing *Lyman v. CSX Transp., Inc.*, 364 F. App'x 699, 701–02 (2d Cir. 2010)); *see Smith v. City of New York*, 385 F. Supp. 3d 323, 347 n.24 (S.D.N.Y. 2019) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers, and hence such new allegations and claims should not be considered in resolving the motion." (citation omitted)). The same principle applies in the case of a new theory of standing raised for the first time in response to a summary judgment motion. *See La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) ("[Plaintiff] may not effectively amend its Complaint by raising a new theory of standing in its response to a motion for summary judgment."); *accord Stikas v. J.P. Morgan Chase Bank, N.A.*, No. 14-CV-1277 (PAC), 2016 WL 2851560, at *3 (S.D.N.Y. May 13, 2016).

Moreover, under the circumstances of this case, considering plaintiffs' supplemental allegations would prejudice The Dolar Shop. While courts have "discretion" to treat "an issue presented for the first time" in opposition to summary judgment "as an amendment of the complaint," courts consider whether the defendant would be prejudiced before allowing such an amendment. *Stratton v. Ernst & Young, LLP*, No. 15-CV-1047 (VEC), 2016 WL 6310772, at *6 (S.D.N.Y. Oct. 27, 2016) (quotation marks, brackets, and citation omitted). Mei Fang Yao and Dong Bin Li's theory of standing is asserted for the first time in plaintiffs' response to The Dolar Shop's motion for summary judgment, based on affidavits dated after the close of discovery, containing factual allegations found nowhere in the complaint. Had plaintiffs' complaint provided fair notice to The Dolar Shop regarding plaintiffs' theory of standing on their wage-notice and wage-statement claims, The Dolar Shop could have then conducted discovery into, and on summary judgment challenged the sufficiency of, the evidence bearing on plaintiffs' standing. *See, e.g.*, *Lipstein v. 20X Hosp. LLC*, No. 22-CV-4812 (JLR) (JW), 2023 WL 6124048, at *11 (S.D.N.Y. Sept. 19, 2023) ("Discovery may ultimately bear out that the allegedly insufficient wage statements and notices did not actually hinder Plaintiff and others from raising issues regarding underpayment, given their reliance on the statements, the information that they had from other sources, or otherwise.").

But by presenting new factual allegations for the first time in response to The Dolar Shop's motion for summary judgment via affidavits that were signed and proffered only after the close of discovery, plaintiffs prejudicially deprived The Dolar Shop of any opportunity at all to respond to these new contentions. This case has been pending for over nine years, with the vast majority of that time spent in discovery—at some point, plaintiffs must stand by the case that they have chosen

5

to plead. Accordingly, the Court declines to exercise its discretion to consider the new allegations contained in these affidavits.

This Court's decision in *Cinar v. R&G Brenner Income Tax, LLC*, No. 20-CV-1362 (RPK) (JRC), 2024 WL 4224046 (E.D.N.Y. Sept. 18, 2024), cited by plaintiffs, *see* Pls.' Pre-Mot. Conf. Ltr. 1 (Dkt. #117), is not to the contrary. Like the plaintiffs here, the *Cinar* plaintiffs had pleaded "purely technical violations of the NYLL's notice requirements." *See Cinar*, 2024 WL 4224046, at *4. The Court issued a *sua sponte* order to show cause directing plaintiffs to address why their wage-notice and wage-statement claims should not be dismissed for lack of standing. *See id.* at *3. Crucially, discovery had not concluded, and no party had moved for summary judgment. *See id.* at *6. In response, the *Cinar* plaintiffs submitted declarations alleging that they received inaccurate wage notices and statements, that, as a result, they did not realize they were misclassified as employees exempt from the NYLL's overtime requirements, and that had they received proper notices, they would have advocated for the pay they were entitled to. *See id.* at *4. The Court accepted the allegations in these declarations as constructively amending the allegations in the complaint and found that plaintiffs had "adequately pleaded standing." *See ibid.*; *see also id.* at *5 ("[T]he Court's order to show cause called into question the sufficiency of plaintiffs' legal allegations."). The present case is simply at a later hour—discovery has closed, and the defendant has moved for summary judgment.

Accordingly, because plaintiffs have not established standing to bring their wage-notice and wage-statement claims, The Dolar Shop's motion for summary judgment is granted.[*]

---

[*] This action was originally initiated on April 20, 2016 by seven plaintiffs—Gang Li, Jia Zhen Jing, Jin Wang, Dong Bin Li, Mei Fang Yao, Shan Zhi Sun, and Hai Hong Han—all represented by attorneys from the law firm Hang & Associates, PLLC. On April 27, 2018, Magistrate Judge Robert Levy granted a motion to substitute John Troy and the law firm Troy Law, PLLC as attorneys for the five plaintiffs whose claims are at issue in this motion: Jia Zhen Jing, Dong Bin Li, Mei Fang Yao, Shan Zhi Sun, and Hai Hong Han. *See* Apr. 27, 2018 Order. Hang & Associates,

\* \* \*

In sum, defendant The Dolar Shop's motion for summary judgment on plaintiffs' NYSHRL and NYCHRL employment discrimination claims and plaintiffs' NYLL wage-statement and wage-notice claims is granted. While the remaining defendants have not moved for summary judgment, the foregoing reasons appear to apply to them too. Accordingly, plaintiffs are also ordered to show cause in writing by October 14, 2025, why the Court should not grant summary judgment to all defendants on these claims. *See Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005) (recognizing that district courts "have the discretion to grant summary judgment *sua sponte*," especially if the losing party receives "a full and fair opportunity" to contest it).

SO ORDERED.

    /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: September 30, 2025
       Brooklyn, New York

---

PLLC continued to represent plaintiffs Gang Li and Jin Wang; on October 6, 2022, these two plaintiffs accepted an offer of judgment under Federal Rule of Civil Procedure 68 in satisfaction of all their claims against defendant The Dolar Shop. *See* Notice of Acceptance with Offer of J. (Dkt. #80); Clerk's J. (Dkt. #82). However, in response to The Dolar Shop's present motion for summary judgment, attorney John Troy submitted a memorandum in opposition purportedly on behalf of all plaintiffs, including Gang Li and Jin Wang, despite the facts that he apparently never represented Li and Wang in this matter and that they already secured a judgment as to all their claims against The Dolar Shop. *See* Pls.' Opp'n 1 ("Plaintiffs *Gang Li*, Jia Zhen Jing, *Jin Wang*, Dong Bin Li, Mei Fang Yao, Shan Zhi Sun, and Hai Hong Han . . . by and through undersigned counsel, hereby submit the following Memorandum of Law in Opposition to Defendant Dolar Shop Restaurant Group LLC's . . . Motion for Summary Judgment." (emphases added)). Magistrate Judge Merkl earlier advised this Court to "consider the imposition of sanctions on counsel personally under 28 U.S.C. § 1927 given the procedural history of this case." Feb. 9, 2024 Report and Recommendation 37 n.13 (Dkt. #111). To date, the Court has declined to do so. But Mr. Troy and his colleagues from Troy Law, PLLC are again cautioned that further failures to exercise due care in their prosecution of this and the related case No. 16-cv-2474 may result in sanctions on counsel for vexatious litigation.