UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

GANG LI, DONG BIN LI, JIA ZHEN JING, JIN WANG, MEI FANG YAO, SHAN ZHI SUN, and HAI HONG HAN,

Plaintiffs,

-against-

THE DOLAR SHOP RESTAURANT GROUP, LLC, KEN CHEUNG, SUZIE CHEUNG, and JOHN and JANE DOE 1 THROUGH 10,

Defendants.

---------------------------------------------------------X

CHEN LIN, JIANQUN ZHANG, DI PAN, BO LIU, and JIALIANG PAN,

Plaintiffs,

-against-

THE DOLAR SHOP RESTAURANT GROUP, LLC, d/b/a Dolar Shop, SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD., YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, TZU CHEUNG a/k/a Tzu Yen Cheung a/k/a Ken Cheung, GE LI a/k/a Jerry Li, QIN BO LIANG a/k/a Alvin Liang, QIN CHUN GAO, YING NAN QI, a/k/a Frank Qi, XIN FENG WANG a/k/a Ruby Wang, and XIANG CHAO LIU,

Defendants.

---------------------------------------------------------X

**REPORT AND RECOMMENDATION**
16-CV-1953 (RPK) (TAM)
16-CV-2474 (RPK) (TAM)
(Not for Publication)

**TARYN A. MERKL**, United States Magistrate Judge:

In April and May 2016, Plaintiffs brought two parallel cases against The Dolar Shop Restaurant Group, related entities, and individual defendants, alleging wage and

hour violations and related claims. *See* Compl., ECF 1, in *Li v. The Dolar Shop Restaurant Group, LLC*, No. 16-CV-1953 (hereinafter "*Dolar Shop I*"); Compl., ECF 1, in *Lin v. The Dolar Shop Restaurant Group, LLC*, No. 16-CV-2474 (hereinafter "*Dolar Shop II*"). After over ten years of litigation, counsel for Plaintiffs, the Troy Law Firm, has lost contact with six Plaintiffs across both cases: *Dolar Shop I* Plaintiffs Hai Hong Han ("Han") and Shan Zhi Sun ("Sun") and *Dolar Shop II* Plaintiffs Bo Liu ("Liu"), Dai Yang ("Yang"), Fen Ying Zhang ("Zhang"), and Tingting Lin ("Lin") (collectively, the "Non-Appearing Plaintiffs").[1] *See* Mot. to Withdraw ("Han/Sun Mot."), ECF 133; Troy Decl. in Supp. of Mot. ("Han/Sun Decl."), ECF 134; Mem. in Supp. of Mot. ("Han/Sun Mem."), ECF 135, *in Dolar Shop I*; Mot. to Withdraw ("Liu/Yang Mot."), ECF 156; Troy Decl. in Supp. of Mot. ("Liu/Yang Decl."), ECF 157; Mem. in Supp. of Mot. ("Liu/Yang Mem."), ECF 158, Mot. to Withdraw ("Zhang/Lin Mot."), ECF 178; Troy Decl. in Supp. of Mot. ("Zhang/Lin Decl."), ECF 179; Mem. in Supp. of Mot. ("Zhang/Lin Mem."), ECF 180, *in Dolar Shop II*.

For the following reasons, the Court respectfully recommends dismissing the Non-Appearing Plaintiffs' claims for failure to prosecute under Federal Rule of Civil Procedure 41(b), without prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As noted above, these two lawsuits were initiated in April and May 2016 as putative Fair Labor Standards Act ("FLSA") collective actions and Rule 23(b)(3) class actions. *See* Compl., ECF 1, in *Dolar Shop I*; Compl., ECF 1, in *Dolar Shop II*. Familiarity with these cases' lengthy and fraught procedural history is presumed. *See, e.g.*, Report &

---

[1] Plaintiff Dai Yang is not named in the *Dolar Shop II* complaint, but rather joined the case as a FLSA collective action opt-in. *See* Yang Consent, ECF 38-1, *in Dolar Shop II.*

Recommendation, ECF 111, in *Dolar Shop I* (recommending denial of Plaintiffs' class certification motion). Following ten years of litigation, including multiple rounds of mediation and orders granting certain defendants summary judgment, in mid-July 2026, Plaintiffs moved for default judgments on behalf of certain plaintiffs as to certain non-appearing defendants. *See generally* Docket; *see* Mot. for Default J., ECF 136, in *Dolar Shop I*; *see generally* Docket; *see* Corrected Mot. for Default J., ECF 167, in *Dolar Shop II*.

Around the same time, Plaintiffs' counsel also filed motions to withdraw as attorney on behalf of Plaintiffs Han, Sun, Liu, and Yang. *See* Han/Sun Mot., ECF 133; *in Dolar Shop I*; Liu/Yang Mot., ECF 156, *in Dolar Shop II*. Counsel stated that the Troy Law Firm had not been able to get in contact with these Plaintiffs to file their declarations in support of the default motion practice. *See* Han/Sun Decl., ECF 134, *in Dolar Shop I*; Liu/Yang Decl., ECF 157, *in Dolar Shop II*. Specifically, counsel avers that between May 15 and July 7, 2026, they attempted to contact Plaintiffs Han, Sun, Liu, and Yang multiple times via various means, including text messages, WeChat messages, phone calls, and mailings, and contacted other Plaintiffs in these cases to ascertain whether they had been in touch with the Non-Appearing Plaintiffs. *See* Han/Sun Decl., ECF 134, ¶¶ 4–10, 13–22, *in Dolar Shop I*; Liu/Yang Decl., ECF 157, ¶¶ 4–9, 13–20, *in Dolar Shop II*. None of the Non-Appearing Plaintiffs responded to this outreach. *See generally* Han/Sun Decl., ECF 134, *in Dolar Shop I*; Liu/Yang Decl., ECF 157, *in Dolar Shop II*.

Further, as to Plaintiff Han, when counsel attempted to call him at the phone number that had previously been provided to counsel, the person who picked up answered that Han was not in possession of the phone number, and counsel averred that they did not receive notice as to a change in address, phone number, or travel plans. Han/Sun Decl., ECF 134, ¶¶ 7–8, in *Dolar Shop I*. Similarly, multiple mailings sent to Plaintiff Sun were returned to the Troy Law Firm "marked 'Return To Sender,'

'Insufficient Address,' and 'Unable To Forward,'" although the Troy Law Firm had not received any notice from Plaintiff Sun regarding a change in contact information. *Id.* ¶¶ 19–20, 23.

On July 17, 2026, the Court scheduled a hearing on the motion to withdraw for July 27, 2026. *See* July 17, 2026 ECF Scheduling Order, *in Dolar Shop I*; July 17, 2026 ECF Scheduling Order, *in Dolar Shop II*. In this order, which was substantively identical across the two cases, the Court stated that the Non-Appearing Plaintiffs "**MUST participate in the conference if their case is to continue. Plaintiffs are further respectfully advised that failure to participate in the case and to follow Court orders, including by appearing via Zoom for the conference on 7/27/2026 at 10:00 a.m., may result in this case being dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)**." July 17, 2026 ECF Scheduling Order, *in Dolar Shop I* (emphasis in original); *accord* July 17, 2026 ECF Scheduling Order, *in Dolar Shop II*. The Court also directed counsel to "serve a copy of the motion to withdraw and this order to relevant Plaintiffs, via any means of communication available to counsel and reasonably calculated to reach these Plaintiffs (including, but not limited to email, text message, or outreach via messaging applications), and to file proof of same," as well as to prepare a translation of these documents and certify that such translation has been provided. *E.g.*, July 17, 2026 ECF Scheduling Order, *in Dolar Shop I*. Counsel filed the anticipated certificates of service on July 24, 2026. *See* Certificate of Service, ECF 142, *in Dolar Shop I*; *see also* Certificate of Service, ECF 172, *in Dolar Shop II*.

At the July 27, 2026 hearing on the motion to withdraw, Tiffany Troy appeared as counsel for Plaintiffs; the Non-Appearing Plaintiffs did not appear. *See, e.g.*, July 27, 2026 ECF Min. Entry & Order, *in Dolar Shop I*. Ms. Troy reiterated the averments contained in counsel's declarations and represented that she did not know when the

Troy Law Firm last had contact with the Non-Appearing Plaintiffs. *See, e.g.*, July 27, 2026 ECF Min. Entry & Order, *in Dolar Shop I*; *see also* Letter, ECF 114 (representing that counsel had not been in contact with Plaintiff Yang as of October 2024), *in Dolar Shop I*.

Following the hearing on the motions to withdraw, the Court granted counsel's motions in an order issued that same day across both cases. *See, e.g.*, July 27, 2026 ECF Min. Entry & Order; *see also, e.g.*, Order, ECF 143, in *Dolar Shop I*; Order ECF 173, in *Dolar Shop II*. The Court directed Plaintiffs Han, Sun, Liu and Yang "to appear on their own behalf (*pro se*) or to have new counsel file an appearance in this case on their behalf by 8/24/2026." *E.g.*, July 27, 2026 ECF Min. Entry & Order, in *Dolar Shop I* (emphasis omitted). The Court also warned Plaintiffs: "Unless Bo Liu, Dai Yang, Hai Hong Han, and Shan Zhi Sun locate new counsel or file an appearance *pro se* by **8/24/2026**, **this Court will recommend that their cases be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)**." *E.g.*, *id.* (emphasis in original). Additionally, the Court directed Plaintiff's counsel "to serve Chinese translations of the July 27, 2026 ECF Minute Entry and Order and this Order on Hai Hong Han, Shan Zhi Sun, Bo Liu, and Dai Yang by August 7, 2026, by any means of service that has been effective as to these Plaintiffs in the past, including but not limited to text message or WeChat." *E.g.*, Order, ECF 143, at 4 (emphasis omitted); *see also, e.g.*, July 27, 2026 ECF Min. Entry & Order in *Dolar Shop I*.

On July 31, 2026, counsel filed the anticipated certificates of service, indicating that Plaintiffs were provided with translated copies of the Court's orders via mail to their last known addresses and telephone numbers. *See* Certificate of Service, ECF 144, in *Dolar Shop I*; Certificate of Service, ECF 174, in *Dolar Shop II*. To date, none of the Plaintiffs have appeared or had new counsel appear on their behalf. *See generally* Docket, in *Dolar Shop I*; Docket, in *Dolar Shop II*.

On August 27, 2026, the Honorable Rachel P. Kovner referred the question of whether these Plaintiffs' claims should be dismissed for failure to prosecute under Rule 41(b) to the undersigned Magistrate Judge. *See, e.g.*, Aug. 27, 2026 ECF Referral Order, in *Dolar Shop I*.

On August 31, 2026, Plaintiffs' counsel filed a motion to withdraw as attorney on behalf of Plaintiffs Fen Ying Zhang and Tinting Lin in *Dolar Shop II*. *See* Zhang/Lin Mot., ECF 178, in *Dolar Shop II*. Counsel stated that the Troy Law Firm had not been able to contact Plaintiffs Zhang and Lin to file their declarations in support of the default motion practice. *Id*. On September 4, 2026, the Court entered an order scheduling a conference concerning counsel's motion to withdraw and directing counsel to file a status report concerning three additional plaintiffs across the two cases, including Gangi Li and Jin Wang in *Dolar Shop I*. Sept. 4, 2026 ECF Scheduling Order. The Court also directed Plaintiffs Zhang and Lin to appear at the September 29, 2026 status conference in light of counsel's motion to withdraw; otherwise, the Court warned Plaintiffs Zhang and Lin that "**failure to participate in the case and to follow Court orders . . . may result in this case being dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)**." Sept. 4, 2026 ECF Scheduling Order, *in Dolar Shop I* (emphasis in original); Sept. 4, 2026 ECF Scheduling Order, *in Dolar Shop II* (same). During the status conference held on September 29, 2026, counsel represented that Plaintiff Zhang has "not responded to counsel's communications, nor has he responded to counsel's service of [the] Court's 9/4/2026 order upon Plaintiff Zhang." *See* Sept. 29, 2026 ECF Min. Entry & Order, in *Dolar Shop I* and *Dolar Shop II.* Counsel was, however, able to locate Plaintiff Tingting Lin, who now seeks to dismiss her individual claims from this lawsuit. *See generally* Notice of Voluntary Dismissal, ECF 184, in *Dolar Shop II.*

On September 14, 2026, Plaintiffs' counsel filed a letter indicating that Plaintiffs Gang Li and Jin Wang had accepted an offer of judgment from Defendants pursuant to Rule 68 of the Federal Rules of Civil Procedure. *See* Status Report, ECF 151, in *Dolar Shop I*; Status Report, ECF 185, in *Dolar Shop II*; Notice of Acceptance of Offer of Judgment, ECF 80, and Judgment, ECF 82 (entering judgment in favor of Plaintiffs Gang Li and Jin Wang), in *Dolar Shop I.*

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).[2] The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "'an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has

---

[2] Fed. R. Civ. P. 41(b) further provides, in pertinent part, that: "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." Notwithstanding this general rule, given the nature of Plaintiffs' claims and the procedural history here, the Court respectfully recommends that the dismissal here should be without prejudice, given the uniquely protective nature of the FLSA.

cautioned, however, that dismissal for lack of prosecution is a "'harsh remedy'" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors, including whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors in determining whether to dismiss for failure to prosecute. *See Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011)), *report and recommendation adopted*, 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The Circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam).

**II. Analysis**

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiffs' claims. First, Plaintiffs' refusal to participate, if left unaddressed, could cause indefinite delay in the final disposition of this very old case. The appearing Plaintiffs have moved for a default judgment against the remaining Defendants, the final step in adjudicating Plaintiffs' claims after ten years of litigation and significant

dispositive motion practice. *See generally* Docket; *see* Mot. for Default J., ECF 136, in *Dolar Shop I*; *see generally* Docket; *see* Corrected Mot. for Default J., ECF 167, in *Dolar Shop II*. The Non-Appearing Plaintiffs' apparent inability or unwillingness to engage with their counsel or the Court, including the failure to ensure their counsel had their updated contact information, has put the remaining Plaintiffs' motion for default judgment on hold. *See, e.g.*, Order, ECF 143, in *Dolar Shop I* (detailing counsel's efforts to communicate with their clients in anticipation of filing the default judgment motion). The Court's efforts to require Plaintiffs to participate have similarly yielded no response. Consequently, Plaintiffs' refusal to participate in this case has delayed the adjudication of the default motion, and cannot be permitted to continue given the other interests at stake in the litigation.

Second, the Court is satisfied that sufficient efforts have been made to provide Plaintiffs notice of the possibility of dismissal. As detailed above, Plaintiffs have been expressly warned that failure to participate or appear in the case would result in dismissal, and counsel has made extensive efforts to ensure that Plaintiffs received the Court's orders, as well as translations of those orders into their primary language. Although certain Plaintiffs appear to be no longer reachable at the mailing addresses and/or telephone numbers counsel had on file for them, "[c]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." *Grace v. New York*, No. 10-CV-3853 (LTS) (GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (collecting cases), *report and recommendation adopted*, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010). Indeed, litigants, even uncounseled ones, have "an obligation to monitor the docket" and follow court orders entered thereon. *Bartolini v. Cassels*, 801 F. App'x 10, 12 (2d Cir. 2020) (summary order); *see Cruz v. Plaza Motors of*

*Brooklyn, Inc.*, No. 16-CV-6177 (ARR) (CLP), 2018 WL 3151685, at *2 (E.D.N.Y. Jan. 10, 2018) ("Nonetheless, it is incumbent upon a litigant — particularly a plaintiff who seeks to avail himself of the Court's assistance to obtain relief of some sort — to monitor the progress of the case, check the docket sheet periodically (online, in person, or by phoning the Clerk of the Court), and seek to move the case forward."), *report and recommendation adopted*, 2018 WL 2229134 (E.D.N.Y. May 16, 2018).

The third factor, whether further delay would prejudice the remaining Defendants, also weighs in favor of dismissal. Here, after over ten years of litigation, the only Defendants who remain in this case are in default. *See, e.g.*, Apr. 22, 2026 ECF Order to Show Cause, in *Dolar Shop I*. Notwithstanding that posture, "when a plaintiff has unreasonably delayed" the resolution of a case, "prejudice to the defendants may be presumed." *Blake v. Payane*, No. 08-CV-0930 (PAC) (PED), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011), *report and recommendation adopted*, Feb. 8, 2012 ECF Order Adopting R. & R. Given the procedural history of this case and the low likelihood that the remaining Defendants will resume their defense of this case, the Court finds that although further delay may not directly prejudice the defaulting Defendants, the appearing parties' interest in finality outweighs any possible interest the defaulting Defendants may have in prolonging this case.

In addition to finding that the Non-Appearing Plaintiffs have created delay in the final adjudication of the case, that sufficient efforts have been made to provide Plaintiffs with notice regarding the consequences of their failure to follow court orders, and that prejudice to Defendants may be presumed, the Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. As to the fourth factor — a careful balancing of the need to alleviate court calendar congestion against Plaintiffs' opportunity for a day in court — the scales weigh favor of dismissal. Here,

although ten years of litigation has brought this case nearly to its close, for reasons unknown to the Court, the uncooperative Plaintiffs are declining to see the case through to completion. Regardless of the ultimate outcome of Plaintiffs' pending motions for default judgment, Plaintiffs' continued nonappearance will delay the final disposition of the case, requiring continued judicial oversight and the expenditure of resources by the Court and by counsel until Plaintiffs decide to resume participation in this action. Plaintiffs' actions have thus wasted "scarce judicial resources" and reduced "fairness to other litigants." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980); *see also Davison v. Grillo*, No. 05-CV-4960 (NG) (LB), 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future."), *report and recommendation adopted*, Aug. 3, 2006 ECF Order Adopting R. & R.

Finally, the Court has evaluated lesser sanctions and does not find there to be another viable path forward given the procedural history of this case. Counsel appears to have lost contact with Plaintiff Yang as early as October 2024, and none of the Non-Appearing Plaintiffs have responded to repeated outreach related to resolving their claims since May 2026. *See* Letter, ECF 114, in *Dolar Shop I*; *see generally* Han/Sun Decl., ECF 134, *in Dolar Shop I*; Liu/Yang Decl., ECF 157, *in Dolar Shop II*; Zhang/Lin Mot., ECF 178, in *Dolar Shop II*. In addition, Plaintiffs have failed to follow clear court orders directing them to participate, even when threatened with dismissal. *See Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). For all of these reasons, the Court finds that dismissal is the only "efficacious option" and that "dismissal would seek the proper balance between expediency and the rights of the plaintiff." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends dismissing the claims of Plaintiffs Hai Hong Han and Shan Zhi Sun in *Dolar Shop I*, and the claims of Bo Liu, Tingting Lin, Dai Yang, and Fen Ying Zhang in *Dolar Shop II*, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), without prejudice.

**SO ORDERED.**

Dated: Brooklyn, New York
October 2, 2026

Taryn A. Merkl

TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE